STODDARD v. HILL.

1. PROOF OF HANDWRITING.—The testimony of a witness, that she knows the handwriting of the assignor of the note and mortgage in suit, that the signature was his, and that she saw him sign the assignment, is sufficient, even though she was not asked if she had ever seen him write.

2. ASSIGNMENT OF MORTGAGE—PROOF OF EXECUTION.—An assignment of note and mortgage is not required by law to be executed in the presence of witnesses, and, therefore, when unattested by a subscribing witness, may be proved by any one who was present and saw the assignment executed.

3. Testimony De Bene Esse.—Where testimony *de bene esse*, under the act of 1883 (19 Stat., 373), is admitted by the special referee, and an exception to its admission is overruled by the Circuit Judge, this court must assume that the court below was satisfied of the existence of the conditions which made the testimony so taken admissible; and this is all that the statute requires.

4. Ibid.—Papers Attached.—When a note and mortgage are proved by the deposition of an absent witness, and their assignment, written on the same papers, are proved in like manner by another witness at a different place, the deposition as to the note and mortgage having identified the papers, was not inadmissible for failure to have these papers returned therewith. It is proper in such case for the examining officer to identify the paper proven, and certify the marks of such identification.

5. Ibid.—Typewriter.—The requirements of the statute, that the deposition should be written by the officer or the witness, are fully met when it is typewritten and signed by both.

6. Ibid.—Certificate.—Where the absence of the witness in another State is set forth in the notice given of the taking of the deposition, and such notice is made a part of the examining officer's return, the reason for the taking of the deposition is sufficiently certified.

7. Allegation of Debt Due—Motion to Make More Definite.—Where a complaint alleges the making of a note, the date, amount, interest, and credits, and "that the balance of said sum remains long since past due and unpaid," it sufficiently states that the debt is past due, no motion having been made to require a more definite statement.

8. Assignment—Ownership—Note to Bearer.—Where the mortgage secures a sealed note payable to bearer, an allegation in the complaint, "that the plaintiff is now the legal owner and holder of said mortgage," is an allegation of ownership which, with the production of the note, is sufficient to sustain an action by an assignee of the note and mortgage.

9. A Finding of Fact by a referee, concurred in by the Circuit Judge, and sustained by the testimony, approved.

Before Izlar, J., Laurens, September, 1892.

Action by W. B. Stoddard against Rebecca Hill and others, heirs at law of Enoch Hill, deceased, to foreclose a mortgage given by Enoch Hill to Lewis Power, sr., on March 3, 1873. The complaint alleged the making of a sealed note by Enoch Hill to Lewis Power, sr., its date, amount, interest, and credits, and "that the balance of said sum remains long since past due and unpaid;" also, the mortgage, with a description of the land, and the record of the mortgage; the death of Enoch Hill

intestate, and his heirs at law; and "that the plaintiff is now the legal owner and holder of said mortgage." The complaint made no allegation of assignment of note and mortgage.

The certificate of the notary public, who took the deposition of R. J. Childress, was as follows:

"THE STATE OF ARKANSAS, ⎰
    "County of Jefferson.      ⎱

"I, J. G. Taylor, notary public for State and county afore-said, do hereby certify, that on the 28th day of May, 1892, at Pine Bluff, in the State and county aforesaid, did, in accordance with the notice hereto attached, take the deposition of R. J. Childress, a witness on behalf of the plaintiff, in the case of W. B. Stoddard, plaintiff, against Rebecca Hill *et al.*, defendants; the said deposition is hereto attached, and the same, together with said notice, is made a part of this certificate. Given under my hand and seal at Pine Bluff, in the State of Arkansas, this the 28th day of May, 1892.

"J. G. TAYLOR, *N. P.* [OFFICIAL SEAL.]

"My commission expires 11, 25, '93."

The report of the special referee, to whom was referred all the issues of law and fact, was in favor of plaintiff, and his report was confirmed by the Circuit Judge. Defendants appealed.

*Messrs. Johnson & Richey*, for appellants.

*Messrs. Wellborn & Stoddard, R. C. Watts, and Ball, Simkins & Ball*, contra.

March 7, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. In an action to foreclose a mortgage of a tract of land situate in Laurens County, in this State, which came on for trial before his honor, Judge Izlar, and, after his decree, in favor of the plaintiff, the defendants appealed to this court, upon the following grounds:

*First.* Because his honor erred in overruling the defendants' exceptions to the report of the special referee, which exceptions were as follows: 1. Because the special referee erred in

admitting in evidence the deposition of Mrs. Laura H. Stoddard, taken before A. H. Donaldson, Esq. (*a*) Because the witness testified to handwriting of Lewis Power, sr., without saying that she had ever seen Lewis Power, sr., write. (*b*) Because witness testified to an assignment, when her name did not appear as a witness. (*c*) Because it was not made to appear on the trial that the witness was then dead, or gone out of the county or State, or to a greater distance than one hundred miles from the place of trial. II. Because the special referee erred in admitting in evidence the deposition of R. J. Childress, taken before J. G. Taylor, notary public. (*a*) Because the testimony of said Childress was incompetent, in that he undertook to prove the execution of a so called mortgage, when said mortgage does not attend the depositions, and the evidence becomes secondary and incompetent. (*b*) Because the depositions were not written down and signed, as required by the statute. (*c*) Because the reasons for taking the testimony are not set out in the official certificate. (*d*) Because it was not made to appear on the trial that the witness was then dead, or gone out of the county or State, or more than one hundred miles from where the court was sitting, &c. III. Because the special referee erred in holding that the complaint stated facts sufficient to constitute a cause of action. IV. Because the special referee erred in admitting in evidence the mortgage sought to be foreclosed, the same not having been proved by the subscribing witnesses. V. Because the special referee erred in finding as a matter of fact that any mortgage had ever been executed by Enoch Hill to Lewis Power, sr. VI. Because the special referee erred in holding that the plaintiff is entitled to judgment of foreclosure and sale. VII. Because the special referee erred in admitting in evidence the deposition of R. J. Childress, taken before J. G. Taylor, notary public, when it did not appear that said evidence was written down by the said notary, or the deponent, in his presence, and as matter of fact it was not so written down.

*Second.* Because his honor erred in confirming the special referee's report, and giving judgment of foreclosure and sale, and thereby sustaining all the foregoing errors.

We will dispose of these exceptions in the order presented by appellants. (*a*) The testimony of the witness, Mrs. Laura H. Stoddard, was taken by a notary public at Greenville under and in accordance with the provisions of the act of the General Assembly of this State, 18 Statutes at Large, 373. The witness was asked if she knew the handwriting of Lewis Power, sr. She replied that she did. Then she was asked if his signature to the assignment of the note and mortgage was his. She replied that it was. She further testified that he had signed his name to the assignment in her presence. It is usual to begin the examination of a witness who is expected to testify as to the handwriting of a particular person, with the question, have you ever seen the party write? But the question propounded involves an answer to this question when it is asked if she knew his handwriting. Besides, in this case the witness, Mrs. Stoddard, had actually seen the party, Lewis Power, sr., sign his name to the assignment. The objection is overruled. .

The next objection (*b*) to the deposition of this witness relates to the proof by her of the execution of the assignment of note and mortgage by Lewis Power, sr. There was no witness' name written to the assignment. We cannot see any reason why a person present when a writing not required by law to be executed in the presence of witnesses, such as this is, is made, cannot testify as to the fact of such writing being signed in her presence. For convenience of proof, it is usual to have the persons who attest the execution of a paper to write their names on the paper as witnesses. But in the absence of such witnesses on the paper itself, it is competent testimony if one who was present afterwards testifies that the paper was signed. This objection is overruled.

The third objection (*c*) relates to the requirement of the statute, as found in the third section: "But unless it appears to the satisfaction of the court that the witness is then dead, or gone out of the county or State, or to a greater distance than one hundred miles from the [place] where the court is sitting, or that, by reason of age, sickness, bodily infirmity, or imprisonment, he is unable to

travel and appear at court, such deposition shall not be used in the cause." In the case of *Featherstone* v. *Dagnell*, 29 S. C., 48, Mr. Justice McIver, in referring to this statute, said: "The act of 1885 (18 Stat., 373) confers special privileges upon certain prescribed conditions, and, according to the well settled rule, a party cannot avail himself of such privileges without complying with the conditions prescribed. The act expressly requires that the officer taking the deposition shall deliver or send it by mail or express to the court, together with a certificate of the reasons why the testimony has been taken in that way, and the certificate presented in this case contains no such reasons. The act also declares that the testimony so taken shall not be used in the cause, 'unless it appears to the satisfaction of the court that the witness is then dead,' &c. *And this, the Circuit Judge says, was not made to appear*. (Italics ours.) It is clear, therefore, that there was no error in rejecting the testimony so taken." It must be apparent, both from the text of the act and from the language of the present Chief Justice, that the testimony so taken as a deposition cannot be used at the trial unless the court is satisfied that the witness is then dead, &c. In *Featherstone* v. *Dagnell, supra*, the Circuit Judge was not so satisfied, and, therefore, properly refused permission to use the deposition. In the case at bar, there is no such finding by the special referee. On the contrary, he admits the testimony. We are obliged to infer that he was so satisfied. The exception is overruled.

We will now examine the exceptions relating to the deposition of the witness, R. J. Childress. (*a*) It seems that the note and mortgage were witnessed by R. J. Childress and J. M. Power, and that the assignment of the same to plaintiff were all on one paper. It was deemed necessary to examine two witnesses, in accordance with the provisions of the act of 1883. Hence, when Childress was being examined as to the execution of the note and mortgage, care was taken not to have the note and mortgage delivered up to the notary public, to be sealed up with the deposition and forwarded by the notary public to the court. Hence appellants' contention. Appellants do not deny that this note and mortgage were pre-

sented to the witness, Childress, when he testified, but they ask the court to hold that his testimony in relation to the note and mortgage should not be received, because the deposition was unaccompanied to the court by such note and mortgage so testified to. Respondent points out to the court that the statute in question (act of 1883) does not require that papers testified to should accompany the deposition, and seeks to draw a distinction between such examination and that by commission, by calling the attention of this court to the fact that, at an examination under the act of 1883, it is presumed that the attorneys of record on each side conduct the examination, whereas, by commission, witnesses are examined by commissioners. There is much food for thought in this last suggestion. We think that when a paper is testified to, if it does not accompany the deposition, it should be marked by the notary public or other officer taking the same, and the marks placed thereon stated in the certificate of such officer. We must overrule this exception.

Now as to exception (b), relating to the deposition not being in writing. The case shows that the body of the deposition was typewritten. We cannot see any force in this exception. The notary public before whom the deposition was taken signs the same officially and the witness signs the same. All the requirements of the law in these particulars are thus fully met.

Exception (c) is not well taken, because the notary public has made the notice from the plaintiff's attorneys to take this testimony a part of his certificate, and by that notice it is shown that the witness resides in a distant State (Arkansas), and we do not know a better reason that could be given for taking testimony under the act of 1883 or by commission than that the witness resides in another State. It is the duty of attorneys to a cause to see that the testimony requisite to a hearing of such cause shall be on hand at term time of our courts. If such witnesses reside beyond the limits of our State, their testimony should be secured. The plan adopted by plaintiff is one of the modes under the law for this purpose. The exception is overruled.

The exception (*d*) has already been considered in a previous part of this opinion as to another witness. It is overruled.

The third exception is that the complaint did not state facts sufficient to constitute a cause of action. Two defects are suggested: one, that it is not alleged the date of maturity of note; and the other, that the ownership of the note is not sufficiently alleged. As to the former, the complaint sets out carefully the note, its date, the interest, the credits, and the mortgage. Its only reference to the matter of maturity is when it states "that the balance of said sum remains long since past due and unpaid." We agree with the special referee that the complaint might have been fuller and more explicit in its allegations. Still, it is here averred that the balance due on the note sued on is "past due and unpaid." The defendants had the right on motion, if they desired accuracy of information, to require plaintiff to make his complaint more definite and certain. It is averred in the complaint that the mortgage is of record in the office of the register for mesne conveyance for Laurens County. We, therefore, overrule this form of the objection. Nor can we support the latter objection. The complaint avers "that the plaintiff is now the legal owner and holder of said mortgage." The note is payable to bearer. In *Coleman* v. *Dunlap*, 18 S. C., 594, it was held that when a note was payable to bearer, and plaintiff stated he was the owner of the note, that inasmuch as he had possession of the note, which itself was *prima facie* evidence of ownership, such statement was admissible, and was all that was necessary to sustain the action.

The fourth and fifth exceptions seek to reverse the conclusion that the mortgage in question was executed by Enoch Hill to Lewis Power, sr. It seems to us that the testimony in the "Case" was overwhelming on these points, and that the conclusion complained of was irresistible. There was no error here. The sixth exception urges that the special referee erred in holding that the plaintiff was entitled to foreclosure and sale. Leaving out of view for the moment the testimony of all the other witnesses, the plaintiff was allowed to testify without objection that he was the legal owner

and holder of the note and mortgage in question. Proof was made to the signature of J. M. Power, one of the witnesses, who was dead. The mortgage was recorded in the office of register of mesne conveyance for Laurens County, where the land lay. It had been recorded on the affidavit as to its execution by R. J. Childress, who, with J. M. Power, had witnessed its execution. Then re-enforce this testimony taken without objection by the testimony of R. J. Childress, and the transaction was complete. As to typewriting, we have already passed upon that question. We overrule this exception.

Lastly, appellants sum up, as it were, by alleging that his honor erred in confirming the report, and giving judgment, &c., "thereby sustaining all the foregoing errors." This court has just passed upon the alleged errors *seriatim*, and, therefore, overrule this last ground of appeal. It may be as well to remark, in dismissing this appeal, to say that this court, in view of the fact that the rights of minors are here affected, have given these grounds of appeal a fuller consideration than we otherwise might have done.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed, and that the order heretofore made by this court, pending the appeal, whereby the sale under the judgment appealed from was suspended, is hereby rescinded.