NICHOLLS v. HILL.

1. DEFENCES—ERROR IN FORM.—Where a sheriff, under authority of the court in proceedings in which a note was attached as the property of the payee, sued the maker of such note, the defendant may plead counter-indebtedness of the payee as a defence to the action; and it is error to sustain a demurrer to such defence because improperly denominated a counter-claim.

2. SUIT ON ATTACHED CHOSES.—A sheriff may be directed to institute action on a note attached by him even while motion is pending to vacate the attachment. The maker of the note cannot complain.

3. DIRECTING VERDICT.—Where only issues of law are involved, the trial judge may direct a verdict.

Before WALLACE and IZLAR, JJ., Spartanburg, June, 1891, and October, 1892.

Action by John M. Nicholls, sheriff, against W. J. Hill.

*Mr. Stanyarne Wilson,* for appellant.

*Messrs. Bomar & Simpson* and *Nicholls & Moore,* contra.

July 26, 1894.   The opinion of the court was delivered by

MR. JUSTICE POPE.   We think the defendant is entitled to a new trial upon the ground set up in his first ground of appeal.   There is no merit in the other grounds of appeal presented by him.   Substantially, his first ground of appeal alleges that Judge Izlar, before whom the action came on for trial, erred in sustaining plaintiff's demurrer to the answer of defendant, because such answer relied on several counter-claims.

The facts necessary to understand the present contention seem to be about the following: W. J. Hill (defendant, appellant,) had made and delivered his promissory note, due at ninety days, for $500, to P. A. Gardiner, on the 13th March, 1891. But the said P. A. Gardiner, on August, 1890, gave his promissory note to said W. J. Hill for $200, due at one day; also, the said P. A. Gardiner gave another note for $250, due at one day, to the said W. J. Hill, in January, 1891; and, also, P. A. Gardiner owed the said W. J. Hill $50, for money borrowed on 25th March, 1891. P. A. Gardiner being indebted to others,

a warrant of attachment was procured at the instance of Witt and Watkins, on 31st March, 1891, and under this warrant of attachment the plaintiff herein, John M. Nichols, as sheriff of Spartanburg County, seized the note for $500 which W. J. Hill had made and delivered to P. A. Gardiner. By an order made by Judge W. H. Wallace, on 26th June, 1891, the plaintiff was authorized to sue upon this note made by W. J. Hill. When the summons and complaint in such suit was served upon W. J. Hill, as defendant, in his answer thereto he, amongst other things, set up as his defences to the action the indebtedness of P. A. Gardiner to him, calling in his answer the said indebtendess "counter-claims." A demurrer was interposed to such answer so far as said counter-claims were concerned, and the Circuit Judge sustained the demurrer.

It needs no authority to sustain this proposition of law as sound, namely, that when under a warrant of attachment choses in action are seized, such *choses in action* in the hands of the sheriff or other attaching officer are subject to all the defences which would have obtained if such choses had remained in the hands of the debtor whose property was attached. If such *choses in action* have been paid, it is in the power of the maker of said choses to show that fact, if suit had been brought thereon by the holder of such choses; and when such choses have been transferred to the sheriff, the person who made the notes is just as competent to prove the fact of payment, in case the sheriff sues thereon. And so with any other defences. This proposition is presumably admitted by the respondents here; but they contend that Hill, the maker of the note to Gardiner, having elected to defend on the ground that he held choses in action due by Gardiner to him for a larger amount than his note given to Gardiner, and also alleged such counter-indebtedness in his hands as "*counter-claims*," his defence should have been dismissed. It is true that, technically speaking, these evidences of indebtdness held by Hill were not "counter-claims" against Nichols, the sheriff, yet we apprehend this court could not be expected to affirm this judgment, in the light of the undisputed facts of this case. Under the liberal rules of the Code in regard to the construction of

pleadings in an action, we are not inclined to sacrifice substance to form, nor do we think the Circuit Judge who presided at the trial in the Circuit Court should have done so. It was not a case like that of *Fleming* v. *Fleming*, 33 S. C., 510, nor that of *Spellman* v. *Railroad Company*, 35 *Id.*, 475, nor were the same principles involved. Unquestionably, when a party is brought into court, he should be informed by the pleadings what cause of action is relied upon by the other side. Likewise, plaintiffs are entitled to be informed by the pleadings of the defendant what defences are relied upon. But we are unable to appreciate the virtue of the charge, that the plaintiff here was not fully informed by the answer of the defendant of his defence, when he set up an indebtedness by words and figures, which he claimed was greater than the note upon which he was sued, because the defendant happened to name his counter-indebtedness "counter-claims." As before remarked, there must be a new trial because of this error, and if the defendant wishes simply to rely upon his counter-indebtedness as defences, the answer may be amended without any injury to plaintiff.

We remarked at the outset of this opinion that in our view there was no virtue in the other grounds of appeal. The second complains that Judge Wallace erred in vesting the plaintiff as sheriff with the right to institute this action while a motion was pending to vacate the attachment itself. The Code of this State, in section 254, authorizes suit to be brought. If hereafter the attachment should be set aside, the proceeds of the note when collected would be turned over to the debtor. Remember, this complaint comes from an outsider, not from the debtor whose property is attached. Nor has the appellant been able to give any authority by which the duty to collect these assets of an estate of a debtor whose property is attached, imposed by statute, is avoided. And as to the fourth ground of appeal, it cannot be sustained because, where there is an absolute failure, from sustaining a demurrer thereto, of a defence, and the only defences are in law and not of fact, it is the duty of the Circuit Judge to direct a verdict.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause remanded to the Circuit Court for a new trial, with leave to appellant to move to amend his answer by substituting "defences" for "counterclaims."