### NORWOOD v. GREGG.

RES JUDICATA.—A PARTITION proceeding selling lands including in
metes and bounds two tracts, which was not known at time of sale
or suit, is *res judicita* of title to both tracts so included.

Before KLUGH, J., Florence, September, 1899.    Affirmed.

Action by Josephine B. Norwood, J. Maxcy Timmons and Jno. M. Timmons against Wm. M. Gregg and A. J. Howard. From judgment for defendants, plaintiffs appeal.

*Mr. W. F. Clayton,* for appellant.

*Messrs. Wilcox & Wilcox,* contra, cite: *Mistake did not affect the purchaser's rights:* 1 Green. on Ev., 404; 53 S. C., 91. *On question of res judicata:* 38 S. C., 188; 13 S. C., 370, 25; 25 S. C., 555, 339; 46 S. C., 75; 45 S. C., 517; 30 S. C., 612; 32 S. C., 512; 3 Strob., 367; 21 S. C., 135; 40 S. C., 103, 412; 31 S. C., 153, 482; 39 S. C., 433; 27 S. C., 226; 36 S. C., 354; 55 S. C., 511; 52 S. C., 574; 27 S. C., 368; 71 F. R., 464; 156 U. S., 680; 133 U. S., 610.

July 28, 1903. The opinion of the Court was delivered by

HON. ERNEST GARY, Circuit Judge, acting Associate Justice in place of MR. JUSTICE WOODS, disqualified. This is an action at law to recover possession of certain real estate and damages for its detention. On the trial of the issues made by the pleadings in the Circuit Court, the presiding Judge (Klugh) directed a verdict for the defendants, and the appeal to this Court is upon the exceptions imputing error to the Circuit Judge in instructing the jury to find a verdict for the defendants. The facts of the case are that J. Morgan Timmons, in whom it was admitted was the common source of title, was seized and possessed at the time of his death of two separate and distinct tracts of land lying adjacent, but having been acquired by him at different periods of time and from different individuals. The first tract acquired by said J. Morgan Timmons is bounded as follows: "All that plantation and tract of land containing 420 acres, more or less, being land purchased by John M. Timmons from Robert T. Askins, and more particularly described in a plat of the same made by Thomas Eady, deputy surveyor (dated 30th and 31st of December, 1835);

said land is situated (situate) in the district of Marion, in said State, on the north side of Lynche's Creek, bounded north by lands of the estate of John Leach, northeast by lands of the estate of A. H. Leach, east and south by J. J. Cox's land and Lynche's Creek, and west by Robert E. Askin's land, etc." On the 1st day of January, 1859, the said John M. Timmons purchased from Benjamin P. Byrd the other tract of land, "containing 135 acres, more or less, situated (situate) in Marion District, on the north side of Lynche's Creek, lying on DeHay's Branch, and bounded north by J. Leach's land, on the east by John M. Timmons' land, on the south by Lynche's Creek, and on the west by DeHay's Branch." This last mentioned tract is the tract now claimed in this action by the plaintiffs.

The answer admitted the fact that J. Morgan Timmons died intestate, as alleged in the complaint, and at the time of his death and the commencement of this action, the plaintiffs were his sole heirs and distributees at law. The answer, however, alleged good title in the defendants to the property, in that they were purchasers of the property, on the 4th day of October, 1888, at a judicial sale thereof in the county of Marion, and held the title to said premises from the master for that county (the property now being located in the county of Florence) ; that the judicial sale was in consequence of a partition of the premises among Josephine B. Norwood, J. Maxcy Timmons and John M. Timmons, initiated by an action brought in Marion County on or about the 7th day of May, 1885, in which O. F. Weiters was plaintiff and the plaintiffs herein defendants; that, as a result of said action, the land in question was partitioned by a final decree of the Circuit Court, affirmed in the Supreme Court (25 S. C., 488), and thereafter duly advertised, sold and purchased by William M. Gregg and A. J. Howard, who are now defendants, and that the then defendants (now plaintiffs), Josephine B. Norwood, J. Maxcy Timmons and John M. Timmons, received the proceeds of the sale of said premises as their distributive shares, and that, therefore, the action

at bar amounted to the bringing of a new action, involving the same parties, the same subject matter, and that all of the rights of said parties in and to said subject matter had been decided in the prior action. The defendants relied upon the plea of *res judicata* and estoppel by record.

It appears from the appeal record that when the cause was tried on Circuit, it was admitted by plaintiff's counsel that the land sought to be recovered in this action was actually included by metes and bounds within the tract of land partitioned and sold in the action of O. F. Weiters against Josephine B. Norwood, J. Maxcy Timmons and John M. Timmons, and that it was further admitted that from this sale these plaintiffs actually received the proceeds of such sale. Under the admitted facts it was the duty of the Circuit Judge to declare the law, the records introduced in evidence, and the admitted facts having superceded the necessity of a jury passing upon any question of fact necessary to determine the rights of the parties made by the pleadings. It appears from the record that when O. F. Weiters recovered judgment against John M. Timmons, it was the general impression both of the plaintiffs as well as the defendants in the partition proceedings that the first mentioned tract of land was all that was owned by Timmons. That all the parties were ignorant of the fact that he had subsequently acquired the second tract, and that when O. F. Weiters obtained judgment against his son, John M. Timmons, and had his interest in the first mentioned tract sold and became purchaser of such interest, it was, as before said, the general belief that this first tract included all of the real estate of the deceased, J. M. Timmons, and as a result the deed conveying the interest of J. M. Timmons, the son, to Weiters described the whole tract as made up of two separate tracts. Acting, then, under the supposition that the tract was entirely one tract and not made up of two separate tracts, the partition proceedings set out in the answer were instituted, to which the same plaintiffs were parties, which resulted in the sale of the same under an order in said

proceedings, in which these plaintiffs participated to the extent of receiving the proceeds of such sale, which has never been refunded.

The contention of the appellants now is that under the judgment in favor of Weiters against John M. Timmons, the son, only his interest in the first mentioned tract was sold, and only that interest could be partitioned, and that the second tract could not be conveyed under such proceedings. The record discloses the fact that these plaintiffs actually consented to the order of sale in the partition proceedings, and, as already stated, received the proceeds of sale and still hold them. This Court, in *Peeples* v. *Ulmer,* 64 S. C., 496 (Mr. Justice Jones), states the law governing this case as follows: "In this case the party was duly represented by counsel, had made answer denying plaintiff's title, setting up title in the defendant, and further alleged, doubtless, with the view to meet plaintiff's claim of title under the partition proceedings in W. H. Peeples *et al. v.* Laura L. Peeples, *supra,* that the premises described in the complaint was no part of the 'Morass Bay tract,' which was the tract sought to be partitioned in the said partition suit. On the trial of this case evidence was offered *pro* and *con* on the question whether the land in dispute was a part of the land sought to be partitioned in said suit of Peeples *v.* Peeples. The plaintiff, in order to show his title, offered in evidence the judgment in partition without objection, his possession of the land thereunder, and the identity of the land in dispute with the land partitioned and set off to plaintiff. The judgment of the Court in the case must be deemed final and conclusive of the issue, unless a new trial is allowed under the methods prescribed for that purpose." See, also, *Holley* v. *Glover,* 36 S. C., 404.

The judgment of the Circuit Court is affirmed.