## UZZELL v. HORN.

1. APPEAL—DISMISSAL—A CIRCUIT JUDGE virtually decides an appeal from order overruling demurrer in which nothing has been done except to serve notice of intention to appeal, abandoned by ordering cause to trial on motion to continue because of pendency of such appeal.

2. EVIDENCE—SECONDARY—DEEDS—RECORDS.—Where a notice to produce a deed is served on defendants' attorneys, and they announce it is not in their possession, the deed is shown to have been executed, to have been delivered for record and recorded, to have been delivered by recorder to trustee, grantee, and that defendants lived in house in which trustee died, the Circuit Judge properly admitted the record as secondary evidence of contents of deed.

3. TRUSTEE—STATUTE OF USES—A DEED conveying land in trust for A. for life, then to his wife for life, at her death to the children of A., and if he should die without children, the trustee then to con-

vey the lands to the brothers and sisters of A., there being nothing for trustee to do, the statute of uses vests the land on death of A. without children in his brothers and sisters, and they need not obtain conveyance of trustee.

4. GRANT—TITLE—PRESUMPTIONS.—Possession of land by trustee and his heir at law trustee and beneficiary for twenty years raises presumption of a grant, and title is thereby presumed to be vested in beneficiaries.

5. EVIDENCE—STRIKING OUT.—When Judge directs a verdict, it is not error not to instruct jury to disregard evidence which. on motion to strike out, he said he would hereafter instruct jury to disregard.

6. VERDICT.—Where defendant offers no evidence, and evidence of plaintiff all points one way, Judge may direct verdict.

7. PLEADINGS—STRIKING OUT.—After verdict, party is not entitled to have portion of a pleading stricken out.

Before WATTS, J., Florence, October, 904.   Affirmed.

Action by Eliza Uzzell *et al.* against Jno. R. and Maggie Horn.   From judgment for plaintiffs, defendants appeal.

*Messrs. Geo. W. Brown, J. W. Ragsdale* and *George Galletly,* for appellants, cite: *Error to order case to trial pending appeal from order overruling demurrer:* 15 S. C., 10; Code of Proc., 356; *Elliott* v. *Pollitzer,* 24 S. C.; *Jordan* v. *Wilson,* 70 S. C. *Error to admit record of deed:* 22 S. C., 365. *No evidence of title in plaintiff:* 56 S. C., 263. *Court cannot presume conveyance to plaintiffs:* 1 Perry on Trusts, secs. 354, 355.

*Messrs. J. P. McNeill, Willcox & Willcox,* and *S. W. G. Shipp,* contra. *Mr. McNeill* cites *As to admission of record of deed:* 1 Green. Ev., 671, 674; 43 S. C., 350; 49 S. C., 242. *Fee vested in plaintiff under trust deed:* 1 Speer, 365; 18 S. C., 189; 21 S. C., 1; 25 S. C., 488. *Direction of verdict proper:* 42 S. C., 28; 67 S. C., 224; 52 S. C., 516; 66 S. C., 283.

*Messrs. Willcox & Willcox* cite: *Objection to trial because of appeal from interlocutory order properly overruled:* 6 S. C., 64; 59 S. C., 49; 66 S. C., 539; 14 Rich., 118; 1 N. & McC., 110. *Circuit Judge may adjudge appeal abandoned:* 62 S. C., 505. *Record of deed properly admitted:* 43 S. C., 376; 49 S. C., 242. *Statute of uses vests title in plaintiffs:* 51 S. C., 271; 18 S. C., 189; 1 Spears, 356; 25 S. C., 488. *There was testimony here tending to show title in plaintiffs:* 53 S. C., 311, 220; 37 S. C., 117. *Judge properly directed verdict:* 68 S. C., 184; 42 S. C., 28; 67 S. C., 224; 52 S. C., 516.

April 18, 1905. The opinion of the Court was delivered by

Mr. Chief Justice Pope. This is an action to recover real estate. The plaintiffs in their complaint allege that Robert Peel, Sr., was seized and possessed of a tract of land containing ninety-five acres, situate in Florence County, but that by the deed of conveyance to him it was subject to the following trusts: first, for the benefit of Robert Peel, Jr., for and during his natural life; after his death, for his wife, Martha W. Peel, for and during her natural life; and at the death of the two, the same was to vest in such child or children as were born to Robert Peel, Jr.; in case of any of such children dying leaving issue, the share of such child or children so dying shall be vested in his children; but in the event said Robert Peel, Jr., dies childless, never having had a child born to him, that then said tract of land should vest in said Robert Peel's, Jr., brothers and sisters; and in case any one die leaving children, such children of such deceased brother or sister should inherit his or her parent's share. That the deed was dated May 15, 1879, and Robert Peel, Jr., occupied it from that date (1879) to about 1896; and his widow, Martha W. Peel, occupied it until 1900, and after her death, a daughter of hers by a first husband, Mrs. Martha Horn, together with her son, John Horn, occupied the same, and that said Martha Horn and John Horn refuse to yield

possession to the plaintiffs, who are the children and grand-children of the said Peel, Sr. Thereupon they brought this action to recover said tract of land. The cause came on for trial before Judge Watts and a jury. The Judge directed the verdict for the plaintiffs. Thereupon the two defendants appealed on the following grounds:

"I. The Court below erred in ordering the cause to trial, an appeal having been taken to the Supreme Court from the order of Judge Gary, and no order having been made by the Supreme Court, its clerk, or the Circuit Court dismissing the same or declaring the same abandoned, but the Court should have continued the same.

"II. The Court below erred in admitting in evidence the record book of Florence County, purporting to contain a copy of an alleged deed from Marinda Williams to Robert Peel, Sr., dated 15th May, 1879, and recorded in said office on 9th January, 1895, in Book J, page 326, but the said Court should have held the same inadmissible because: (a) the loss of the original had not been proven; (b) there was no proof of a search or effort to find the original in the possession of the party entitled to the said possession—the trustee and his successors.

"III. The Court below erred in not directing a verdict for the defendants in that plaintiffs failed to introduce any evidence tending to show that they had obtained a conveyance of the premises in question from the alleged trustee, Robert Peel, Sr., or his successor.

"IV. The Court below erred in not granting defendants' motion of nonsuit on the grounds that the plaintiffs introduced no testimony or evidence tending to show, (a) The plaintiffs had a conveyance from the alleged trustee, Robert Peel, Sr., or his successor. (b) They introduced no testimony tending to show title in themselves or out of the State. (c) There is an entire failure of testimony as to title in plaintiffs. (d) They have entirely failed to introduce evidence tending to show or prove title in themselves in any of the ways provided by law. (They have introduced no

testimony tending to show that the plaintiffs have or claim under a grant from the State, or by adverse possession or a common source.)

"V. The Court below erred in not striking out on defendants' motion the testimony of Geo. W. Williams, a witness, as to who had been in the possession of the said premises after the execution of the said deed, when it appeared from the cross-examination that the same was entirely founded on hearsay and in not instructing the jury to disregard the same.

"VI. The Court below erred in instructing the jury to find for the plaintiffs, and in not instructing them to find for the defendants: (a) The same was in violation of the Constitution as to charging the jury in respect to matters of fact. (b) There was no testimony tending to show title in the plaintiffs. (c) There was no testimony tending to show that the plaintiffs had a deed from the alleged trustee, Robert Peel, Sr., or his successor.

"VII. The Court below erred in not allowing the defendants to withdraw the portion of the answer of Maggie Horn as to betterments, and in holding the jury had nothing to do with that matter."

We will now pass upon these grounds of appeal.

I. It seems that the plaintiffs demurred to a portion of Mrs. Maggie Horn's answer, wherein she set up betterments. Judge Ernest Gary, who heard such demurrer, overruled the same, and thereupon the plaintiffs gave notice of appeal from Judge Gary's said order, said order being dated June 10, 1903, but no steps have ever been taken since the notice of the order of Judge Gary to perfect said appeal. No return has ever been filed in the Supreme Court; no case has been served or received by plaintiffs' attorney, nor has any case been filed in the office of the clerk of court. On September 15, 1903, the following notice, signed by the plaintiffs' attorneys, was addressed to the defendants' attorneys:

"We take this means of notifying you that we have abandoned our appeal from the order of Judge Gary overruling our demur to the portion of the answer of Maggie Horn, which we interposed at the June term of our Court, and we expect to make an effort to try the case on its merits at the October, 1903, term of our Court."

No order was ever made by the Supreme Court or its clerk, or by the Circuit Court dismissing the same or declaring the same abandoned. At the October term of the Court of Common Pleas for Florence County, the said cause was called to be heard before Judge R. C. Watts and a jury. The defendants interposed objection to proceeding with the said trial on the grounds that an appeal to the Supreme Court was pending from the said order and decision of Judge Gary, and that no order had been made dismissing or declaring the same abandoned. The presiding Judge overruled the same and ordered the trial to proceed.

This is a history of so much of these proceedings as affect the first ground of appeal. It is far safer in practice to obtain the order of the Supreme Court in dismissing an appeal, but in some cases the Circuit Judge can and does dismiss appeals where they have not been carried to the Supreme Court. We consider that Judge Watts, when he overruled the motion of continuance on account of the alleged pending appeal in the Supreme Court, virtually dismissed the appeal, for he ordered the trial to proceed, which we scarcely think he would have done if he had not deemed the obstacle of the appeal as removed. *State* v. *Johnson,* 52 S. C., 505, 30 S. E., 592, is an authority for the contention that the Circuit Court, in this case, no return having been filed and the appeal not having been perfected, had jurisdiction to adjudge the appeal abandoned. Therefore, we overrule this exception.

II. We do not deem the Circuit Judge in error in allowing in evidence the record book of Florence County, purporting to contain a copy of an alleged deed from Marinda Williams

to Robert Peel, Sr., dated May 15, 1879, recorded in said office January 9, 1895, in book J, page 326.

Greenleaf, in his admirable work on Evidence, uses the following language in section 558: "And first, in regard to production of such documents; if the instrument is lost, the party is required to give some evidence that such paper once existed, though slight evidence is sufficient for this purpose; and that a *bona fide* and diligent search has been unsuccessfully made for it in the place where it was most likely to be found, if the nature of the case admits such proof. * * * What degree of diligence in the search is necessary, it is not easy to define, as each case depends much on its peculiar circumstances, and the question, whether the loss of the instrument is sufficiently proved to admit secondary evidence of its contents, is to be determined by the Court and not by the jury. But it seems, that, in general, the party is expected to show that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him. It should be recollected that the object of the proof is merely to establish a reasonable presumption of the loss of the instrument, and that this is a preliminary inquiry directed to the discretion of the Judge. * * * If it belong to the custody of certain persons, or is proved, or may be presumed, to have been in their possession, they must, in general, be called and sworn to account for it, if they are in the reach of the Court; and so, if it might or ought to have been deposited in a public office or other particular place, that place must be searched. If the search was made by a third person, he must be called to testify respecting thereto, and if the paper belongs to his custody he must be served with a *subpoena duces tecum* to produce it." * * * Also, in section 560, "When the instrument or writing is in the hands or power of the adverse party, there are, in general, except in the case above mentioned, no means at law of compelling him to produce it, and the practice in such cases is to give him, or his attorney, a regular notice to pro-

duce the original. Not that, on proof of such notice, he is compelled to give evidence against himself; but to lay a foundation for the introduction of secondary evidence of the contents of the document or writing, by showing that the party has done all in his power to produce the original."

In the case at bar, a written notice was served upon the attorneys of the defendants, notifying them to produce the deed in question, which is the trust deed and is the basis of this action, and when called upon in open Court they, with great candor, announced to the Court that such deed was not in their possession. It has been proved by at least two witnesses that the deed was in existence and was in the possession of Robert Peel, Jr.; that such deed was deposited by Robert Peel, Jr., with the clerk of the Court of Florence County for record, and that it was so recorded, and that such deed was redelivered by said clerk to Robert Peel, Jr., after the death of his father, Robert Peel, Sr., who was the trustee, and as such the proper custodian of the deed in question. The parties whom the attorneys represented were the defendants, who resided in the dwelling house occupied by Robert Peel, Jr., during his life and at the time of his death. The Circuit Judge decided, on hearing the testimony, that the plaintiffs had produced such evidence as would justify him, the Circuit Judge, in admitting secondary evidence of the contents of this deed. This Court had held in the case of the *State* v. *Crocker,* 49 S. C., 242, 27 S. E., 49, that the records of such deeds may be introduced without notice. This being so, we do not see, as before remarked, that the Circuit Judge committed any error in admitting secondary evidence as to this lost deed.

This exception is, therefore, overruled.

III. We do not think the Circuit Judge erred in refusing to direct a verdict for the defendants at the close of plaintiffs' testimony, on the ground that the plaintiffs had not received a title from the trustee named in the deed of trust, of the 15th of May, 1879, for the original trustee was then dead, Robert Peel, Jr., who by law suc-

28—71.

ceeded him as trustee, was also dead, and he could not have made a deed to those parties while in life. The other son, William Peel, is a party-plaintiff; by law the trusteeship was devolved upon him. The deed is as follows:

"The State of North Carolina:

"Know all men by these presents, that I, Marinda Williams, of the county of Duplin, North Carolina, for and in consideration of the sum of fifteen hundred dollars to me paid at and before the sealing of these presents by Robert Peel, Sr., of the county of Wayne, State of North Carolina, have granted, bargained, sold and released and by these presents do grant, bargain, sell and release unto the said Robert Peel, Sr., all that tract of land lying, being and situate in the county of Darlington, State of South Carolina, containing ninety-five acres, more or less, and bounded north by the public road known as the Lynches Creek road; east by lands of G. W. Williams, known as the Nicholds land; south by the Wilmington, Columbia and Augusta Railroad, and on the west by lands of the estate of S. Eliza Evans, the same being conveyed to me by Geo. W. Williams by deed of date the 16th of October, 1876. Together with all and singular the rights, members, hereditaments and appurtenances to the same belonging or anywise incident or appertaining To have and to hold all and singular the premises before mentioned unto the said Robert Peel, Sr., and his heirs and assigns forever. In the trust, nevertheless, that the said Robert Peel, Sr., and his heirs and assigns shall hold the said premises subject to the following uses, trusts, limitations and provisions, that is to say: First, for the use and benefit of Robert Peel, Jr., for and during the period of his natural life, and the said Robert Peel, Sr., shall permit the said Robert Peel, Jr., to take possession of the said tract of land, and have and enjoy the free and uncontrolled use of the same for and during the period of his natural life, and from and after the death of the said Robert Peel, Jr., the said Robert Peel, Sr., his heirs and executors shall hold the said tract of

land for the use, benefit and behoof of Martha W. Peel, wife of the Robert Peel, Jr., for and during the period of her natural life, and after deaths of the said Robert Peel, Jr., and his wife, the said Martha W. Peel, then the said Robert Peel, Sr., his heirs and executors shall hold the said tract of land for any child or children which the said Robert Peel, Jr., may have living at the time of his death, to be delivered up to such child or children, and if more than one to be equally divided among them share and share alike, to them and their heirs forever free and discharged from all trusts and limitations hereby created the child or children of any deceased child or children to represent in such division his, her or their parent, and take the portion to which the parent if living would be entitled.    In the event of the said Robert Peel, Jr., shall leave no child or children, or child or children of any deceased child living at the time of his death, then in that event, after the death of the said Robert Peel, Jr., and of his wife, the said Martha W. Peel, the said Robert Peel, Sr., his heirs and executors shall convey the said tract of land to the brother and sisters of the said Robert Peel, Jr., to be divided among them share and share alike to them and their heirs forever, free and discharged from the uses, trusts and limitations hereby created in such division, the child or children of any deceased brother or sister to represent his, her or their parent, and take the portion to which the parent if living would be entitled to: *Provided, further,* That should the said Robert Peel, Jr., desire at any time to have the said tract of land sold and the proceeds otherwise invested, the said Robert Peel, Sr., his heirs, executors or successors upon the written request to the said Robert Peel, Jr., are hereby authorized and empowered to sell and convey the said tract of land and invest the proceeds thereof in accordance with the written request of the said Robert Peel, Jr., in other property real or personal, such other property to be held in trust by the said Robert Peel, Sr., his heirs, executors or successors subject to the same uses, trusts, limitations and restrictions as are hereinbefore expressed in regard to the

said tract of land. And I do hereby bind myself and my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Robert Peel, Sr., for his heirs, assigns and successors against me and my heirs, and every person whomsoever lawfully claiming or to claim the same or any part thereof. Witness my hand and seal this 15th day of May, in the year of our Lord one thousand eight hundred and seventy-nine, and in the 103 year of the sovereignty and independence of the United States of America. G. W. Williams, Marinda Williams. (L. S.)

"Signed, sealed and delivered in the presence of J. B. Oliver, J. Wilson."

This deed shows that the trustee had no services marked out to be performed to the plaintiffs. It looks to us, therefore, that these parties were vested with the title, the uses having been executed by the statute, and the estate vested in the grantees. *Laurens* ads. *Jenny,* 1 Speer, 365; *Howard* v. *Henderson,* 18 S. C., 189.

In the case of *Reeves* v. *Tappan,* 21 S. C., 1: A testator gave to his brother all the residue of his estate in trust for the children of the brother, to be divided among them share and share alike. He nominated the brother also "as executor," with full power to sell any of the estate, and to compound debts and to invest and reinvest the proceeds of the residue at his discretion, as trustee, for the children. *Held,* that the brother was not charged with any duty as trustee rendering it necessary that he should retain the legal title; and hence under the statute of uses, the title passed directly to the children. So, also, in *Weiters* v. *Timmons,* 25 S. C., page 488: A party, by deed after marriage, conveyed certain land in trust, during the life of the grantor, for the support and maintenance of the grantor's wife and her issue, and upon the death of the grantor, then as to one moiety for the sole and separate use of such wife for life, and as to the other moiety to the use of such issue and their heirs forever. The deed also provided that, upon the joint request of the grantor

and his wife, or of the survivor, the said trustee should sell the whole or any part of the said property, and reinvest, etc. The grantor died, leaving his wife and two children by said wife. *Held,* in an action for partition brought by a purchaser of the interest of one of the children under an execution sale, that the moiety given to the issue vested in them immediately upon the grantor's death, under the statute of uses, discharged from the trust and the operation of the statute, was not delayed by the provision in the trust for the sale of the whole or any part of the property on the joint request of the grantor and his wife, or of the survivor of them, the trust being extended thereby only as to the moiety given for life to the widow. Under these circumstances we will overrule the third exception.

IV. The testimony introduced at the hearing tended to show that from 1879 until the death of Martha Peel, the land had been in the possession of the grantee, Robert Peel, Sr., and of Robert Peel, Jr., and his widow for more than twenty years; indeed, the land was in the possession of Robert Peel and his wife for more than twenty-two years. Such possession was sufficient to have raised a presumption of a grant from the State and that the title to the land was vested in these parties by presumption of law. This exception is, therefore, overruled.

V. We do not think that when the Circuit Judge refused to strike out certain testimony of the witness, George W. Williams, a witness for the plaintiffs, he erred, because this motion was made after the testimony had been given. The Circuit Judge did say that while he could not strike out the testimony, "later on I may tell the jury to disregard such testimony." No necessity afterwards arose for the jury to critically examine the testimony of the witness, Williams, here referred to, and hence, there was no error committed by the Judge. This exception is overruled.

VI. The Judge committed no error if he concluded from all of the testimony—the defendants declining to offer any

testimony themselves—that the plaintiffs should recover. If there was sufficient testimony to go to the jury on behalf of the plaintiffs, the Circuit Judge clearly had a right and it was his duty to instruct a verdict for the plaintiffs. *Nichols* v. *Hill,* 42 S. C., page 28, 19 S. E., 1017; *Moore* v. *Scott,* 66 S. C., page 283, 44 S. E., 737; *Norwood* v. *Gregg,* 67 S. C., page 224, 45 S. E., 163; *Rice* v. *Bamberg,* 68 S. C., 184, 46 S. E., 1009; *Coskery* v. *Wood,* 52 S. C., 516, 30 S. E., 475. In these cases it is held that the Circuit Judge may direct a verdict for the plaintiff where the testimony points all one way. This exception is overruled.

VII. As to the allegation of error by the Court in not allowing the defendant to withdraw the portion of the answer and in holding that the jury had nothing to do with that matter. At the conclusion of the motions of the defendant, the last being the nonsuit which was refused, the plaintiffs asked for direction of verdict for the plaintiffs. Motion granted, defendant objects, objection overruled, exception noted. Thereupon the Court, of its own motion, turning to counsel for defendants, said: "You had better put in a claim for betterments there. You have a right under the statute to bring another case for them later on." To this suggestion there was no immediate response. After some little time had elapsed, Mr. Galletly moved to strike out of the answer of the defendants the allegation with reference to betterments. Motion denied, the Court remarking that "the motion came too late, a verdict having been ordered, and that having nothing to do with the case anyway. What I mean by that is, that I don't think the jury have anything to do with the question of betterments." We do not see, after the Judge had ordered a verdict, that the counsel for the defendants had the right to move to change the pleadings. Under these circumstances, we think there was no error on the part of the Circuit Judge as here complained of, and this exception must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *did not sit in this case because of illness.*