## 6800

### JOHN SLAUGHTER CO. v. KING LUMBER CO.

1. TESTIMONY TAKEN DE BENE ESSE in typewriting by the officer himself need not be read over to the witness. If another take the testimony in typewriting before the officer and it is read over to the witness before signing, the statute is substantially complied with.

2. DIRECTING VERDICT.—If court could have directed a verdict in the first instance, but submits the case to the jury and it finds contrary to the evidence, it may direct a verdict.

Before HYDRICK, J., Florence, November term, 1906. Affirmed.

Action by John Slaughter Company against King Lumber Company. From judgment for plaintiff, defendant appeals.

*Messrs. George Galletly* and *J. W. Ragsdale,* for appellant. No argument furnished Reporter.

*Messrs. Willcox & Willcox, J. P. McNeill* and *Henry E. Davis,* contra cite: *As to admission of depositions:* Code 1902, 2882. *If depositions erroneously admitted, it was harmless error, as other competent evidence covered same point:* 78 S. C., 36. *Where evidence is all one way Court should direct a verdict:* 71 S. C., 426.

March 17, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. Plaintiff brought this action for the balance alleged to be due on account of furnishing materials and performing labor for defendant "in the construction of the heating, plumbing, ventilating, gas piping and roofing connected with or incident to a certain government building in the City of Goldsboro, N. C." Judgment was for plaintiff in the sum of $511.84, the full amount claimed.

Defendant's first exception assigns error in admitting the testimony *de bene esse* of J. E. Taylor on two grounds: (1) That the deposition was not reduced to writing by the officer or witness in his presence; (2) that the deposition was reduced to typewriting and not to writing and was not read over to the witness before signing.

The statute on the subject, 23 Stat., 1072, declares: "Every person deposing as provided in the preceding sections shall be cautioned and sworn to testify the whole truth and carefully examined. His testimony shall be reduced to writing by the officer taking the deposition, or by himself in the officer's presence, and by no other person, and shall, after it has been reduced to writing, be subscribed by the deponent: *Provided,* That this shall not be construed to prevent the use of stenographers for the purpose of taking such testimony, but the testimony so taken by such stenographers shall be reduced to writing or typewritten and read over to such witnesses."

It appears that the deposition was typewritten and the officer taking it certified that he took the same at his office. In taking testimony *de bene esse,* typewriting it as good as any other writing. *Stoddard* v. *Hill,* 38 S. C., 390, 17 S. E., 138. It is presumed in this case that the officer himself reduced the testimony to typewriting. The statute requires testimony *de bene esse* to be read over to deponent only when it is taken down by a stenographer and afterwards transscribed. *Edgefield Mfg. Co.,* v. *Maryland Casualty Co.,* 78 S. C., 73.

The second exception charges error in the admission of testimony *de bene esse* of E. M. Dunning and E. M. Cook, because neither the certificate of the officer nor the deposition shows that the testimony was reduced to writing by the officer or by the witness in his presence, and because the same was not read over to the witness before it was signed by him. The notary public, W. J. Gibson, before whom the testimony was taken, certified: " * * * The foregoing witnesses * * * were examined before me at my office.

* * * I further certify that the testimony of each witness was read over to him before the same was subscribed to." Since the testimony was taken *before* the officer and read over to the witnesses before they signed it, the provisions of the statute were substantially carried out. If the officer's certificate means that he took the testimony in typewriting himself the case falls within the ruling above; if the certificate means that a stenographer in the strict sense took down the testimony in shorthand and transcribed into typewriting and the same was read over to the witness before signing, the case falls squarely within the letter of the *proviso;* if the certificate means that some one took the testimony *before* the officer upon a typewriter directly from the witness and the testimony was read over to the witness before signing, the case falls, if not within the letter of the statute, certainly within its purpose and meaning and is substantial compliance.

The third and fourth exceptions are to the direction by the Court of a verdict for the full amount claimed. The case was submitted to the jury and a verdict returned for $466.84. Upon inquiry by the presiding judge as to the manner of arriving at that amount, the foreman stated that certain deductions were made from the account claimed, one of which was a mere entry in pencil on the back of the account. The Court then stated that there was no testimony supporting the deductions made by the jury and directed the foreman to write a verdict for the amount claimed, $511.84.

We have carefully examined all the testimony in the case and find no evidence supporting any views other than that plaintiff was entitled to the full amount of the claim. It is well settled that when defendant offers no evidence, and the evidence of plaintiff all points one way, the judge may direct a verdict. *Ussell* v. *Horn,* 71 S. C., 438, 51 S. E., 253, and cases cited. If the Court could have properly directed a verdict before submitting the case to the jury in the first

instance, the fact that he sent the case to the jury and, upon their finding contrary to the evidence, afterwards directed a verdict, is immaterial.

The judgment of the Circuit Court is affirmed.