## 10372

### WILSON *ET AL*. v. MOSELEY *ET AL*.
#### (102 S. E. 330.)

1. EVIDENCE—DEED RECORD BOOK ADMISSIBLE ALTHOUGH NOT AS AN ANCIENT DOCUMENT.—Record book more than 30 years old, in which deeds were copied, is admissible under the principles of common law, independent of Civ. Code 1912, sec. 4000, although not admissible as an ancient document; its age not affecting its character.

2. EVIDENCE—COPY OF DEED FOUND IN RECORD BOOK PRESUMPTIVELY CORRECT.—As it is proper to copy a deed into a record book, the record book copy is presumed to be correct, being found in a book where it was authorized to be written.

3. EVIDENCE—ORIGINAL DEED IS THE BEST EVIDENCE OF ITS CONTENTS.—Even though a deed is copied into a record book, the original deed, and not the record book, is the best evidence of its contents.

4. EVIDENCE—GRANTEES ARE PRESUMED TO HAVE CUSTODY AND LOSS CANNOT BE PROVEN BY TESTIMONY OF HEIRS OF GRANTOR.—The grantees of a deed are presumed to have custody of the deed, and the loss of the instrument so as to make secondary evidence admissible cannot be proven by the testimony of the heirs of grantor.

5. EVIDENCE—SECONDARY EVIDENCE OF CONTENTS OF DEED NOT ADMISSIBLE UNTIL THERE IS TESTIMONY BY SUPPOSED CUSTODIAN AS TO LOSS.—Secondary evidence as a record book copy of a deed is not admissible until there is some evidence by the supposed custodian of the deed as to its loss.

Before GARY, J., Sumter, —— term, ——. Affirmed.

Suit for partition by Selina E. Wilson and others against Magnonia E. Moseley and others. From a judgment of nonsuit, plaintiffs appeal.

*Mr. A. B. Stuckey,* for appellants, submits: *That "ancient public records like ancient deeds when shown to have come from the proper custody, are, in the absence of anything to impeach their verity, admissible in evidence without further proof of their authenticity, it being presumed that after thirty years that the official who made the record is dead; the rule has been applied to the public record deeds, even though irregularly made, provided facts requisite for the admission*

*of the deeds themselves as ancient documents exist."* 17
Cyc. 446; 7 Rich. 509; 22 S. C. 332, cited and differentiated
from case at bar.

*Messrs. L. D. Jennings* and *A. S. Harby,* for respondent,
submit: *There was no error in withdrawing the deed:* 47 S.
C. 498; 2 Bailey 296; 92 S. C. 105; 2 Bailey 297. *There
was no error in refusing a continuance:* 99 S. C. 231; 48 S.
C. 5; 78 S. C. 266; 56 S. C. 378; 47 S. C. 298. *The record
copy of the deed was not an ancient document:* 22 S. C. 332.

February 23, 1920.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

The plaintiffs sued for the partition of a parcel of land at
Wedgefield which contains but one-fourth of one acre.
Some of the defendants pleaded a paramount title, the cause
went to a jury, and a nonsuit was ordered.

The plaintiffs claim under a deed from Elbert T. Moore
and Jos. S. Wilson to William W. Moore, Isaac J. Wilson,
and James A. Harvin, trustees of Wedgefield Academy,
dated in 1880. The deed contains this clause:

"But upon the express condition that if the said property
should ever be used for any other purpose, then and in that
case all the right, title and interest in and to the same shall
forthwith revert to us, the said Elbert T. Moore and Jos. S.
Wilson."

The plaintiffs and the Moseley defendants are heirs at law
of the grantors, and they claim the land as reversioners
under the operation of the above quoted words.

The plaintiff undertook to prove the existence and con-
tents of the aforementioned deed and by offering in evidence
the book from the clerk's office, wherein deeds are to be
recorded, and wherein the deed in issue purported to have
been recorded in January, 1880. For convenience we shall
refer to that book as the record book. This appeal arises
out of what was done thereabout.

The appellants' counsel has argued two questions, and to understand the first a decision of the second is pertinent. The contention of the appellant on the second question is that the record book made in 1880 is an ancient document and as such proved itself. The record book was not admissible as an ancient document for age did not affect its character; but it was admissible independent of section 4000 of the Code of Laws, and according to the rules of evidence existing at the common law. *State v. Crocker,* 49 S. C. 242, 27 S. E. 49. But nevertheless the record book is a copy of the original deed, presumed to be a correct copy because found in a book wherein it was authorized to be written. Therefore, if the original is handy, it is the best evidence of the contents of the deed.

And that brings us to the first question, and that is have the parties applying to introduce the record book as secondary evidence offered testimony tending to prove that the original deed was not to be had at the trial. The original deed was made to three named trustees of a school now succeeded by three others in the trust. The presumption of fact is that the trustees had in their custody the title deed, and not that the heirs at law of the grantors had it. There was no effort made to inquire if these trustees or either of them, or their heirs if dead, or their successors in office, had the deed; and, therefore, there was no testimony tending to prove that the original deed was lost or destroyed. Strange enough all the testimony as to loss was elicited from the heirs at law of the grantors, who made and delivered up possession of the deed to the trustees. The record book was not competent until there had been some testimony from the supposed custodians of the deed, tending to prove that the original deed was not to be had. *Duren v. Sinclair,* 22 S. C. 365. There was insistent and repeated exception by the defendants' counsel that there was no testimony from the

trustees about the whereabouts of the deed, and for that reason secondary evidence of its contents was not competent.

The appellants' counsel has complained that the Circuit Court first admitted the record book, and then excluded it. The case shows that the Court went further than it was bound to go to escape what seemed like the application of a technical rule of procedure to cut off the plaintiff. The Court said:

"I hate for a case to go off on a technicality, but clearly there is not enough evidence here to admit these books. Now if you want to put yourself in a position to introduce secondary evidence of the deeds that the places where the papers are presumably kept have been searched and that they cannot be located by the person who is the custodian, or to put yourself in the position to show that they are destroyed, I am disposed to give you an opportunity to do it, but I could not admit them under the evidence here."

And the case was suspended some hours to aid the plaintiffs' counsel to present the proper testimony, but with no effect.

The Court could do naught else but grant the nonsuit, and the order to that end is affirmed.