### RICE v. BAMBERG.

1. REAL PROPERTY—WILLS.—When a widow renounces a devise and takes homestead and dower in her husband's lands, she has no interest as devisee in other lands of her testator.
2. IBID.—SALE.—A sale of a large tract of land by proceeding in equity to pay debts, cannot be referred to power under will to sell a part thereof, now in question, to pay debts.
3. VERDICT.—When there are no issues of fact, it is duty of Judge to direct a verdict.
4. EVIDENCE—LOST PAPERS—RECORD.—Proof of a paper alleged to be lost from a record cannot be made by the statements of an attorney, who does not recollect ever having seen it, but who would say that if he had not seen it he would not have advised as he is said to have done.

Before GARY, J., Barnwell, spring term, 1903. Affirmed.

Action by Eugenia M. Rice against F. M. Bamberg. From judgment for plaintiff, defendant appeals.

*Mr. Jno. R. Bellinger,* for appellant, cites: *Defendant and plaintiff were tenants in common through admr.:* 1 Hill Ch., 357; 11 Rich. Eq., 527; 12 Rich. Eq., 454. *Sale of land in question should be referred to power under will:* 2 Hill Ch., 51; 1 Hill Ch., 356; 23 S. C., 514.

*Messrs. H. F. & B. T. Rice,* contra, cite: *As to estate of plaintiff:* Chev. Eq., 87; 2 Bail., 445; Code, 1902, 2464, 2483; 2 Jar., 465; Wash. Real Prop., 234. *As to referring sale to power under will:* 22 S. C., 533; 24 S. C., 491; 40 S. C., 77; 18 Ency., 968. *As to proof of alleged lost record:* 20 Ency., 472; Black. on Jud., sec. 273; Freem. on Jud., sec. 125; 18 Wall., 350; 34 Cal., 39; 59 S. C., 498; Green. on Ev., 509-558; 2 Rich. L., 144; 5 Rich. L., 372; 35 S. C., 587; 17 S. C., 58; 2 Speer, 600. *Question as to service of minors are res judicata:* 59 S. C., 499; 12 S. C., 422; 65 S. C., 400; 21 S. C., 591; 54 S. C., 109; 65 S. C., 418.

March 8, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. John M. Whetstone departed this life in the year 1870, leaving a wife, Mrs. Susan H. Whetstone, and her two children, Eugenia M. Whetstone, now Mrs. Rice, and Adam Whetstone, as well as John Whetstone, the only child of a predeceased wife, as his only heirs at law and next of kin. He left a will of full force at his death. Mrs. Susan H. Whetstone alone qualified as the executrix thereof. By the terms of this will it was provided that the executors should sell his steam saw mill for cash and pay his debts, but if it should turn out that the proceeds of the sale of such steam saw mill were insufficient to pay his debts, he gave the executors power *to sell as much of his real estate from the western portion of his plantation known as China Grove as will satisfy said debts.* By the second clause of his will, he gave and devised to his widow, Susan H. Whetstone, for and during her natural life, all his China Grove plantation whereon was the dwelling house. After her death, he devised all of his China Grove plantation to his children begotten of the said Susan H. Whetstone, but should such children die without lawful issue, the same, after one-fourth part of the value of said lands had been paid to testator's sister-in-law, Miss Elizabeth Arnold, should vest in his son, John Whetstone, and his heirs for-

ever. By the fourth clause of his will, he devised all the balance of his lands to his widow, Susan H. Whetstone, and her heirs forever.

Unfortunately for the plans developed in his will by the testator, his debts were far greater than could be paid off by the sale of his steam engine and mill, even when aided by the sale of the western portion of his plantation known as "China Grove." Hence his widow and executrix, Mrs. S. H. Whetstone, filed her complaint in the Court of Common Pleas for Barnwell County, in this State, praying that suits against her as such executrix by individual creditors might be enjoined, and all such creditors be required to establish their claims under her action; that she might be allowed to account for her actings and doings as said executrix; that the lands of her testator might be sold to pay debts after claim for dower and homestead had been adjusted and provided for. She stated that her testator was seized of 1,100 acres of land. She named as parties defendant to her said action testator's three children, including the two she had borne him, and one or more of his creditors. The service of the summons and complaint was accepted by the creditors, also by John Whetstone, who was an adult, and Mrs. Susan H. Whetstone accepted service for her minor children, Eugenia and Adam. The judgment was by consent allowing the widow, Susan H. Whetstone, to have set apart to her as her dower and homestead, 200 acres of land, with the dwelling house, and requiring the balance of the land, about 900 acres, after being divided into 100 acre lots or parcels, to be sold by the sheriff, and the proceeds; after the payment of costs and counsel fee, to be applied to the payment of debts. The son, Adam, died in the year 1896, unmarried and childless. Then the mother, Mrs. Susan H. Whetstone, died in 1898. In the year 1899, the plaintiff, Eugenia, who had intermarried with one Thomas S. Rice, brought her action against F. M. Bamberg, as defendant, to recover some 182 acres of land, on the ground that she was not a party to the suit of her mother, just above described, and as a devisee

under her father's will she was entitled to the same—the life tenant, her mother, and her brother, Adam, having died before her mother, unmarried and without issue. The defendant admitted that he was in possession of the land, but invoked the protection of the statute of limitations, and also that there must be some mistake in the judgment roll of the action of Susan H. Whetstone, executrix, as plaintiff, *v.* John Whetstone *et al.,* as defendants, of August, 1872, as to the service upon the infants, Eugenia and Adam Whetstone, of the summons and complaint therein. Also, that the power of sale in the will conferred upon Susan H. Whetstone should be considered as exercised when she obtained the sale thereof through the Court of Common Pleas. There was a trial of these issues before Judge Gage and a jury, which resulted in a verdict for the defendant; but the Supreme Court of this State ordered a new trial on account of the mistake of the Circuit Judge in ordering the jury to pass upon the documentary evidence without first passing upon and construing said documents himself. See *Rice* v. *Bamberg,* 59 S. C., 498. The action came on for trial before Judge Ernest Gary and a jury at the spring term of 1903. When the plaintiff closed her testimony, a motion was made for nonsuit, which was refused. At the conclusion of the testimony the presiding Judge directed the jury to return the following verdict: "We find for the plaintiff the land in dispute," which was done. After entry of judgment, the defendant appealed upon the following grounds:

"I. Because his Honor erred in refusing the nonsuit, and in directing a verdict for plaintiff, as under the will of John M. Whetstone, at the death of Adam, John C. Whetstone became a tenant in common with plaintiff, and she could not recover as sole plaintiff, the interest of John C. in Adam's interest having passed under the sale.

"II. Because, under the will of John M. Whetstone, Adam took a vested interest in fee simple at the death of testator; and dying without issue, at his death his interest went to his mother and the plaintiff in common, and under

the sale in question the mother's interest passed to defendant.

"III. Because, if the interest of Adam and that of plaintiff was a fee conditional, it was barred by the sale made by the life-tenant.

"IV. Because, it being shown that the land in question was the western portion of China Grove, the sale should be referred to the power in the will, and upheld as a sale to pay debts.

"V. Because the fact that the executrix went into Court, seeking the aid of the Court in carrying out the will, to sell these lands for the payment of debts, was not sufficient to prevent such sale from being referred to the power in the will.

"VI. Because the decree in Whetstone *v.* Smith *et al.,* having been made as a consent decree, was the act of the parties, and being the act of the executrix, the sale under it was her sale, and should be upheld under the power in the will.

"VII. Because a verdict for plaintiff should be directed only in a case where there is no testimony to support a verdict for defendant; and Gen. Bamberg having testified that he was advised by Maj. Izlar that the title to this land was good, and Maj. Izlar having testified that if he so advised, which was quite probable, he did so after examining the record in Whetstone *v.* Smith, and finding it complete, by which he meant everything which a practicing attorney thought necessary, and Mr. Simms having testified that the record had been out of its proper place for a year or two, and had been called for and examined by various parties, this testimony, if believed by the jury, was sufficient to support a verdict for defendant, and his Honor erred in directing one for plaintiff.

"VIII. Because, under the foregoing testimony, the jury would have been warranted in finding that when Maj. L. T. Izlar examined the record, he found evidence of personal service on the infants, and if so, the verdict should have been for the defendant.

"IX. Because his Honor erred in sustaining the objection to the question propounded to Maj. Izlar, as to whether, if he had found the record as it now is, with the only reference as to the service of the summons, the endorsement thereon, he would have advised that the title was good, and saying, 'No, sir, you can't impeach a record that way.'

"X. Because this question was not intended to impeach a record, but to remedy a defect therein by supplying testimony from which the jury should infer that the evidence of proper service once existed and had been lost."

We will now examine these exceptions in the groups as set out in the argument of John R. Bellinger, Esq.

The 1, 2 and 3 grounds refer to the alleged error of the Circuit Judge in refusing the motion of defendant for a nonsuit at the close of plaintiff's testimony. We must recall the fact that the sale of the lands of John C. Whetstone, deceased, took place in the year 1872. Clearly whatever estate Mrs. Susan H. Whetstone had at that time, or which she asserted she had, passed to the purchasers of such real estate at said sale. She was a devisee under the second clause of her husband's will of a *life estate* in his China Grove plantation for life only, and under the fourth clause of said will, she was a devisee of all the rest of her husband's lands in fee simple. If she elected not to take these devisees, but to claim homestead and dower, and these were provided for by the decree as 200 acres of land, the balance of the lands, some 900 acres, were free from her claim of dower and homestead. It must be remembered that the remainder of said China Grove plantation was vested in her two children—Eugenia and Adam. She had no interest in the vested estates of Eugenia and Adam at that time. The old maxim is that no one is an heir of a living person. But when Adam died in the year 1896, she, with Eugenia, her daughter, were seized of any estate that Adam had. The brother, John Whetstone, being only a half-brother of Adam, could not inherit from Adam while his mother and sister of the whole blood were alive. Then, at the death of

Mrs. Susan H. Whetstone, her daughter, Eugenia, alone inherited any estate she had as derived from Adam. But it is suggested in argument that any share Susan H. Whetstone had would be cast to the purchasers at the sale in 1872. We have just answered this by showing that Mrs. Whetstone at the time had no interest or estate in the remainder in Eugenia and Adam. Indeed, she had renounced all claims under her husband's will. These exceptions are overruled.

Exceptions 4, 5 and 6 relate to the defense that the defendant having become the owner, through succession or purchase of the lands now sought to be recovered, as the western part of the China Grove plantation, which the executrix was authorized to sell in the event the sale of the steam saw mill did not provide funds enough to pay the debts, has the right to claim the sale by the Court as the exercise of the power of sale by Susan H. Whetstone, as executrix. The record of the action instituted by Mrs. Susan H. Whetstone, as executrix, against the creditors and the children of John C. Whetstone, deceased, as defendants, shows that not only the western part of the China Grove plantation was sold, but all the lands of testator, some 1,100 acres, were sold under the judgment in that action. Thus it is manifest that defendant's contention in these particulars cannot be sustained. These exceptions are overruled.

We will next consider the 7th and 8th exceptions, referring, as they do, to alleged assumption of power by the Circuit Judge to direct the jury to find a verdict for the plaintiff. In *Evans* v. *Chamberlain,* 40 S. C., 104, this Court held that if there was any pertinent testimony for the plaintiff, the case must go to the jury. Again, this Court held in *Nicholls* v. *Hill,* 42 S. C., 28, that where no issues of fact were involved, the Judge may direct a verdict. There were no issues of fact here presented. Only issues of law. It was the duty of the Circuit Judge to direct a verdict. There were no contests as to parties. There was no question as to the lands in defendant. No

question as to documentary evidence, except as we shall hereafter refer to Maj. Izlar's testimony, which we will hereinafter show was utterly incompetent. These exceptions are overruled.

Lastly, we will pass upon the 9th and 10th exceptions, relating as they do to the alleged error of the Circuit Judge in refusing to allow Maj. Izlar, a witness for the defendant, to answer the question, whether, if he had found the record as it now is, with the only reference as to the service of the summons as that indorsed thereon as accepted by Mrs. Whetstone, he would have advised that the title was good. It will be observed that in Maj. Izlar's testimony, he nowhere says that he remembers having examined this record. All he says is that if the defendant says he did, he probably did so. Now, can a witness, who has no recollection of this record, testify as to its condition? Such a paper as defendant wished to establish was one that showed that the two infants, Eugenia and Adam, were served personally with summons. No witness has testified that any such paper ever existed. It was necessary to prove that such paper once existed. On the contrary, the only service proved by the record was that accepted by Mrs. Susan H. Whetstone, their mother, while they were infants. The former decision in this very case, 59 S. C., 498, expressly decides how the service of a summons upon an infant should be made, viz: *personally* upon the infant. Maj. Izlar disclaimed any knowledge. Defendant sought to substitute Maj. Izlar's inferences in the place of knowledge. This he could not do. These exceptions are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.