## RICE v. BAMBERG.

SUBROGATION—COSTS.—A purchaser of land sold by decree of Court in aid of assets to pay testator's debts in order to be subrogated to the rights of creditors as against a devisee in remainder, not made a party to the proceeding, must show *aliunde* the record that valid debts of testator existed for the payment of which the land was liable. The same rule applies where proceeds of land were consumed by costs and expenses of marshalling suit.

Before DANTZLER, J., Bamberg, September, 1904. Affirmed.

Action by Eugenia M. Rice against F. M. Bamberg. From Circuit decree, defendant appeals.

*Mr. Jno. R. Bellinger,* for appellant, cites: *On question of subrogation:* 18 S. C., 123; 41 S. C., 337; 58 S. C., 382; 67 S. C., 454; 40 S. C., 417; 1 Strob. Eq., 51; 62 S. C., 304; 24 Ency., 1 ed., 258, 261, 266, 267; 2 Am. St. R., 328; 29 Am. St. R., 800; 30 Am. Dec., 174; Sheldon on Sub., sec. 209. *Officers are presumed to have done their duty:* 22 Ency., 2 ed., 1267, *et seq.;* 1 Hill Eq., 369; 5 Rich. L., 534; 14 S. C., 454; 24 S. C., 503.

*Messrs. H. F.* and *B. T. Rice,* contra, cite: *When doctrine of subrogation may be applied:* 70 S. C., 224; 27 Ency., 2 ed., 241; 29 Am. St. R., 800; Free. on Void Judicial Sales, 53; 39 Miss., 796. *Life tenant and remainderman must each contribute to debt:* Sheldon on Sub., sec. 207; 1 Bro. Ch., 206; 53 S. C., 530. *Right to subrogation is barred:* 24 Ency., 322, 321, 322; Sheldon on Sub., sec. 237; Stearns on Suretyship, 508.

October 7, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action for the recovery of real estate the plaintiff claimed as devisee in remainder under

the will of John M. Whetstone. The defendant set up title under a sale made by order of the Court in an action instituted by the executrix of the will of Whetstone to marshal the assets of the estate, and sell the real estate in aid of personalty for the payment of debts. By reference to former appeals in the cause, reported in 59 S. C., 498, 38 S. E., 209, and 68 S. C., 184, 46 S. E., 1009, it will be seen the title of defendant failed because the plaintiff, who was at the time a minor, was not personally served with a copy of the summons, and was, therefore, not a party to the suit in which the order of sale was made. By amended answer the defendant now claims the right to be subrogated to the demands of those who received the proceeds of the sale of the land to the extent of the amount bid and paid for the tract now held by him. It appears from the record that the sheriff was ordered to turn over the proceeds of the sale of the lands to the clerk, who was directed to apply them to the costs of the case and then to the debts of the estate of John M. Whetstone.

There is no positive proof that the sheriff and the clerk carried out the order of the Court, but in the absence of proof to the contrary, the presumption is that these officers performed the duties required of them, and that the proceeds of sale were applied to claims adjudged by the Court in that cause to be valid debts of the estate of the testator. 22 A. & E. Ency. Law, 2 ed., 1267; *Dawkins* v. *Smith,* 1 Hill Ch., 369; *Douglass* v. *Owens,* 5 Rich. Law, 534; *Woody* v. *Dean,* 24 S. C., 503.

But the defendant's difficulty is that the plaintiff here not being a party to the suit in which the debts were proved, the finding by the Court that they were valid did not establish them as charges against her interest in the land. The plaintiff does admit the validity of the claims to which the proceeds of the sale of the land were applied, but puts the defendant to his proof that such claims ever existed as a charge upon her land. The defendant offers nothing in response except an order for payment of the claims made in

a cause to which the plaintiff was not a party. No debt having been established as a charge on plaintiff's land, there is nothing to which the principle of subrogation could apply. It would make no difference if the proceeds of the sale were consumed by the costs of the case, for the costs could properly have been incurred only in marshaling the assets of the estate and procuring a sale of the land to pay debts, and until the debts are established so as to bind the plaintiff, as to her the necessity for incurring costs does not appear. Besides, before the plaintiff's land could be liable for costs incurred in an action brought by the executrix to procure a sale of plaintiff's land for payment of the debts of the testator, she was entitled to be brought into the cause as a devisee and have an opportunity to pay the debts and save the costs.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*