### SPENCER NATIONAL BANK v. INMAN MILLS.

NOTES—NOTICE.—A BANK which has purchased a negotiable promissory note before maturity for value is not charged with notice that such note has been renewed and paid to the first payee, by the fact that the renewals and payment passed through the bank, it being the bank in which payee kept an account.

Before WATTS, J., Spartanburg, March Term, 1905. Affirmed.

Action by Spencer National Bank against Inman Mills. From judgment for plaintiff, defendant appeals.

*Messrs. Simpson & Bomar,* for appellant, cite: *Fogarties* v. *Bank,* 12 Rich.; *Simmons* v. *Bank,* 41 S. C.; *McGahan* v. *Lockett,* 44 S. C.; Morse on Bank, 4 ed., secs. 446, 450, 219.

*Messrs. Buist & Buist* and *Stanyarne Wilson,* contra, cite: 41 S. C., 188; 156 Mass., 395; 13 Allen, 445; 2 Ency., 369.

April 7, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This is an action for the recovery by the plaintiff of $1,000 of the defendant upon a negotiable note made by the defendant to the Slater Engine Company and by them transferred for value before maturity

to the plaintiff. The trial came on before Judge Watts and a jury. After hearing the testimony on both sides the Circuit Judge directed a verdict for the plaintiff. The following is a copy of the complaint and the answer:

"The plaintiff above named, complaining of the defendant, alleges

"I. That the plaintiff, the Spencer National Bank, is now, and was at the times hereinafter mentioned, a corporation organized and existing under the acts of Congress of the United States of America, carrying on business in the city of Spencer, in the State of Massachusetts.

"II. That the defendant, Inman Mills, is now, and was at the times hereinafter mentioned, a corporation organized and existing under the laws of the State of South Carolina, carrying on business in the county of Spartanburg and State of South Carolina.

"III. That Frank Slater and George M. Faulkner are now, and were at the times hereinafter mentioned, copartners under the firm name of the Slater Engine Company.

"IV. That heretofore the said defendant, Inman Mills, made its promissory note in writing, dated on the thirteenth day of May, 1903, at Inman, S. C.; and thereby promised to pay to the order of the said the Slater Engine Co., $1,000, four months after date, at First National Bank of Spartanburg, S. C.

"V. That thereafter and before maturity, the said Frank Slater and George M. Faulkner, under their said firm name of the Slater Engine Company, indorsed the said note to the said plaintiff, for value; and the said plaintiff is now the legal and *bona fide* owner and holder thereof.

"VI. That the cost of protest thereof was $1.

"VII. That no part of said note or protest has been paid, although payment of the same has been duly demanded.

"Wherefore, the said plaintiff demands judgment against the said defendant for the sum of $1,000, with interest thereon from the 15th day of September, 1903; together with $1, and the cost and disbursements of this action."

The answer of the defendant was as follows:

"1. Admits the allegations of paragraphs one, two, four, six and seven of said complaint.

"2. Defendant admits that Frank Slater and George M. Faulkner were at the time mentioned in the complaint co-partners, under the firm name of the Slater Engine Co., but alleges that the said parties have become insolvent, and that their affairs are now being administered in the bankruptcy courts.

"3. Defendant says that as to the allegations of paragraph five, it has no knowledge or information sufficient to enable it to form a belief, and the said allegations are, therefore, denied.

"4. Further answering the complaint herein, defendant says that the note referred to in paragraph four of the complaint was and is without consideration and has never been and is not now a legal and binding obligation against this defendant, for that this defendant received no consideration whatever for the said note—and that the said Slater Engine Co. used said note in a way and for a purpose never intended by this defendant, and defendant alleges that it has never owed, and does not now owe, any sum whatever thereof to the plaintiff or to any other party.

"Wherefore, defendant demands judgment that the complaint be dismissed with costs."

The testimony in this case consisted of, on the part of the plaintiff, the two witnesses of the plaintiff bank, to wit: the cashier and the assistant cashier. Both of whom explicitly denied any knowledge or information in relation to any defect in the note sued on the part of the bank. On the contrary, those two witnesses testified that the plaintiff purchased said note for full value on the 16th day of May, 1903, and the said note matured four months after its date.

There was one witness only on the part of the defendant and he was the president and treasurer of the Inman Mills. His testimony denied any connection or correspondence with the plaintiff bank in regard to the note sued on. In

other words, he gave no notice to the plaintiff until after the note fell due. This witness relied for the defense upon the fact that the Slater Engine Co. had sold to it an engine for its mill in 1901, and that said defendant mill issued to the Slater Engine Co. a note for $1,550 and also one for $1,200, which were from time to time renewed but were finally fully paid and that the renewals of those notes passed through the plaintiff bank, and from these circumstances it was contended by the defendant that the plaintiff bank should have inferred that the note sued on was without any value except as a renewal of said former notes. But it will be seen that no notice was ascribed to the plaintiff bank, and so the Circuit Judge held that the testimony did not support any notice of a defect in the note here sued on.

It will be borne in mind that there was no affirmative defense in answer of the defendant in the way of a counterclaim or of an equitable assignment or subrogation. There was no testimony going to show any knowledge by the plaintiff of a defect in the engine sold by the Slater Engine Co. to the defendant Inman Mills. Therefore, the Circuit Judge made no mistake when he held that there was no testimony going to show that the plaintiff was not a purchaser without notice for a valuable consideration of the note of the defendant for $1,000 sued for. Such being the case, it was the duty of the Circuit Judge to direct the verdict. *Nicholls* v. *Hill,* 42 S. C., 28, 17 S. E., 1017; *Rice* v. *Bamberg,* 68 S. C., 184, 46 S. E., 1009; *Uzzell* v. *Horn,* 71 S. C., 438.

There was no mistake in the Circuit Judge's refusing the motion for a new trial.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.