8628

MERCK v. MERCK.

1. DEEDS—ISSUES.—The evidence here as to the execution and delivery of the deed in question warranted submitting the issue of execution and delivery to the jury.

2. ESTOPPEL—WAIVER—PLEADINGS—PURCHASER FOR VALUE.—It is here found that respondent did not waive his right to insist upon the doctrine of estoppel of a grantor by his negligence in putting a deed after execution where the grantee could get it and record it from contending the deed was never delivered, which acts induced others to buy the land. Such acts amount to estoppel *in pais* and need not be pleaded. Distinction between purchaser for value without notice and estoppel by negligence stated.

Before MEMMINGER, J., Pickens, March term, 1912.

Action by Daniel M. Merck *et al.* against Lawrence C. Merck *et al.*    Plaintiffs appeal.

*Messrs. Cothran, Dean & Cothran, J. E. Breazeale* and *J. E. Boggs,* for appellants.

*Messrs. Cothran, Dean & Cothran* cite: *No presumption arises from execution of deed of its delivery:* 1 Devlin on Deeds 516; 63 Cal. 493; 131 N. C. 216; 10 Rich. Eq. 219; 52 S. C. 472; 19 S. C. 216; 3 Strob. 107; 93 S. C., 71; 57 S. C. 174; 11 Rich. 303.    *Declarations of grantor as to execution and delivery:* 2 Wig. Ev., sec. 1471; 9 L. R. A. (N. S.) 1136; 3 Brev. 40; 1 Dev. 395, 474; 2 Jones Real P., sec. 1217; 90 S. W. 617; 27 N. C. 105; 76 N. E. 846; 82 S. C. 264; 75 Ga. 452; 2 Hill Ch. 411; 23 S. C. 91; 84 N. E. 639. *Under the pleadings and facts of this case respondent is not entitled to rely on the defense of estoppel:* 81 S. C. 329; 27 S. C. 235; 1 Bay 241; 31 S. C. 153; 82 S. C. 24; 89 S. C. 394; 84 S. C. 429; 122 U. S. 241; 89 S. C. 395; 52 S. C. 408; 7 L. R. A. (N. S.) 712; 34 Am. Dec. 517; 2 Eq. Jur. Pom., sec. 687; 16 Cyc. 772; 9 L. R. A. (N. S.) 1136; 83 U. S. 326; 7 L. R. A. (N. S.) 1019; 42 N. E. 988; 7 C. B. (N. S.) 447; 97 U. S. 369; 40 L. R. A. 498; 37 L. R. A. 780; 54 N. E. 565; Big. Estop. 483, 485; 81 S. W. 343; 100 Am. St. R. 557; 3 L. R. A. 576; 8 Rich. 230; 30 Wis. 55; 1 Devlin 411.

*Mr. J. P. Carey,* contra, cites: *Plaintiffs are estopped by the acts of their ancestor from insisting the deed was not delivered:* 67 S. C. 453; 86 S. C. 545; 93 S. C. 287.    *Estoppel by negligence is not same as purchaser for value without notice:* 81 S. C. 329; 31 S. C. 153; 84 S. C. 426; 122 U. S. 241; 100 U. S. 578; 16 Cyc. 744; 55 L. R. A. 745; 9 S. C. 20; 10 S. C. 449; 42 S. C. 170; 13 Am. Dec. 406. *Proof of execution:* 2 Wig. Ev., sec. 1302; 96 Ga. 1; 19 Ves. Jr. 494; 1 Mill. Con. R. 336; Rice Eq. 244; 8 Rich.

135; 50 S. C. 103; 11 S. C. 429; 74 S. C. 144; 14 Ency. Ev. 782; 23 How. 353; 16 S. C. 142. *When grantor signs by mark, proof of signature of witness is sufficient:* 1 Mill. Con. 336; 11 S. C. 429; 74 S. C. 144. *Recording of deed is evidence of delivery:* 81 S. C. 453; 52 S. C. 472.

July 29, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is the third appeal herein; the first is reported in 83 S. C. 329, 65 S. E. 347, and the second in 89 S. C. 347.

The following statement appears in the record:

"This is an action instituted in the Court of Common Pleas for Pickens county on December 22, 1906, by the plaintiffs as heirs at law, children of one Blumer Merck, for the partition of a certain tract of land in Pickens county, described in the complaint, which formerly belonged to Blumer Merck, now deceased.

"The defendants, Lawrence C. Merck, son of Blumer Merck, and Ella Burton, B. Stewart and K. Stewart, children of Parthena Stewart, a predeceased daughter of Blumer Merck, were made parties defendant as tenants in common with the plaintiff. None of them answered the complaint.

"The defendant, W. B. Mann, answered the complaint denying title in the plaintiffs, and setting up a claim of title in fee in himself.

"The case was tried before Hon. R. W. Memminger, presiding Judge, at Pickens, March term, 1912.

"The legal issues of title were submitted to a jury; the jury found a verdict in favor of the defendant, W. B. Mann, that he was entitled to the possession of the land in dispute, and thereupon the presiding Judge signed an order confirming the verdict of the jury and dismissing the complaint. Upon this decree and verdict, judgment was duly entered up by the said defendant, W. B. Mann, against the

plaintiffs, from which the plaintiffs above-named have appealed to this Court."

The opinions on the former appeals, especially the first, state the facts in detail.

There are four exceptions, but it will not be necessary to consider them *seriatim*, as the appellants' attorneys have discussed them under two heads, the first of which is as follows: "Is the testimony offered by the defendant, Mann, upon the subject of the execution and delivery of the deed from Blumer Merck to L. C. Merck of such character as to constitute some evidence of the complete execution and delivery of the deed, and so entitled the defendant, Mann, to have the issue of complete execution and delivery submitted to the jury?"

During the trial which resulted in the second appeal (89 S. C. 347), this Court, after sustaining the ruling of his Honor, the Circuit Judge, that M. F. Hester was not a competent witness, to prove the execution of the deed from Blumer Merck to L. C. Merck, on the ground that he was disqualified under section 400 (now 438) of the Code, proceeded as follows:

"The defendant, Mann, was in this plight: Mrs. L. C. Merck, one of the persons whose names were subscribed as witnesses to the alleged deed from Blumer Merck to L. C. Merck, was hostile and upon being put on the stand, testified in effect that the deed was not delivered. The other witness, Hester, was excluded because disqualified by interest. Under these conditions the defendant, Mann, had a right to introduce other testimony, tending to prove the execution of the deed; the evidence of the handwriting of the witnesses, of the grantor's acknowledgment of the validity of the deed after its execution, and of any facts tending to show that the deed had been executed, was clearly admissible. Land titles would be very insecure if they should fail whenever the subscribing witnesses might deny, that they witnessed the execution of a deed, or might become

for any cause incompetent to testify to its execution. It is true, in proving a deed, the subscribing witnesses must be produced or their absence accounted for, but manifestly the title cannot be made to depend entirely on their testimony. Whenever the witnesses are dead or inaccessible, or have become incapacitated, or deny the execution or their presence, or for any cause are unable or unwilling to prove the execution, then other evidence may be introduced. This is a principle of general recognition. (Citing authorities.) On this principle, the Court erred also in holding, that the admission of Blumer Merck, that he had conveyed the lands to his son, L. C. Merck, were not admissible as evidence of the execution of the deed, but only to show the character of the possession. Such admission, together with testimony as to the handwriting of the grantor, and of the witnesses, as to the independent possession and control of the lands by the grantee, and as to the recording of the deed, were all admissible, either to support the testimony of the subscribing witnesses, that the deed had been executed, or in substitution of the testimony of the subscribing witnesses, if that testimony, without fault of the party in interest, was not available, or was adverse. * * * As the case is to go back for a new trial, we refrain from any discussion or expression of opinion as to the facts further than to say, that we think there was a *scintilla* of evidence, for the consideration of the jury, on the issue of estoppel."

The appellants' attorneys thus summarize the testimony introduced by the defendant, for the purpose of proving the execution and delivery of the deed from Blumer Merck to L. C. Merck.

"The handwriting of M. F. Hester and that of Lizzie Merck, whose signatures appear as subscribing witnesses, we will assume has been proved.

"The handwriting of M. F. Hester in the signature of Blumer Merck, by his mark, we will assume has been proved.

"Four witnesses testified, that at different times they had heard Blumer Merck say, after the date of the deed, that he had deeded the land to L. C. Merck.

"The fact that the deed was recorded in the R. M. C. office of Pickens county on December 10, 1904, nearly three years after its date.

"That after the death of Blumer Merck, L. C. Merck was in possession of the land, claiming title thereto under said deed, and conveyed same to M. F. Hester, besides having exercised other acts of ownership, such as cultivating the land, mortgaging it and returning it for taxation, all within the brief period of from May to September, 1905."

The testimony tending to establish said facts was admissible under the ruling of the Court, which we have just quoted; and if his Honor, the presiding Judge, had undertaken to determine its force and effect, he would have invaded the province of the jury.

The second question discussed by the appellants' attorneys is as follows: "Did the presiding Judge err in submitting to the jury the issue of estoppel, based upon the alleged negligence of Blumer Merck in making a deed complete on its face, lacking only delivery to make it a good conveyance, and then leaving it where the grantee named in the paper could easily take it, thus inducing others to accept him as the real owner of the land, and instructing the jury, that upon the solution of said issue, his title would be good, even if the deed of Blumer Merck had never been delivered?"

The appellants' attorneys contended, that the defendant was not entitled to the benefit of this doctrine, for the following reasons, which constitute their specifications of error in this particular:

"This defense is based upon the doctrine of estoppel, which in turn is based upon the plea of purchaser for value without notice, both of which defenses and pleas, were

expressly in open Court repudiated and waived by counsel for the defendant, Mann.

"Under the pleadings, testimony, and admission of counsel, the question of Blumer Merck's negligence as affecting the issue of the delivery of the deed was not an issue in the case."

On the first appeal (83 S. C. 329) the Court used this language:

"On the question of delivery, the plaintiffs submitted the following request: 'Even if properly executed, the deed does not have effect as a deed, unless it be shown that it was duly delivered by Blumer Merck to L. C. Merck, or to some one for him. If Blumer Merck never parted with, or intended to part with, the possession of the deed; if he retained possession of it, placed it away with his papers and never delivered it to L. C. Merck, or to any one for him; if, while it was in Blumer Merck's possession, it was surreptitiously taken away from his place of safe-keeping, without his knowledge or consent and placed on record, I charge you that under these circumstances, the law declares that the deed has not been delivered, and is, therefore, invalid.' This is correct, as a general statement of the law. (Citing authorities.) Counsel for defendant now insists, however, the request was properly refused, because it left out of view the question of estoppel from negligence. His argument is, that Blumer Merck and his heirs might have been estopped from disputing Mann's title by negligence on his part in making a deed complete on its face, and lacking only delivery to make it a good conveyance, and then leaving it where the grantee, named in the paper, could easily take it and thus induce others to accept him as the real owner of the land; and that, therefore, Mann's title might be good, even if the deed of Blumer Merck had never been delivered. Neither the requests nor the charge of the Circuit Judge indicate that the issue of negligence was made on the trial, and it may be unfair to appellants to say it

should have been incorporated in this request. But it was earnestly pressed in the argument that the issue of negligence was made on the trial, as arising out of the evidence. That being so, the request above quoted was not sound, with the request of negligence left out of view."

It will thus be seen, that the exceptions raising this question can not be sustained, unless there was waiver of the right to insist upon estoppel in this respect. We, therefore, proceed to the consideration of the question, whether the defendant waived such right.

After stating the principles announced in the former decision in this case, his Honor, the presiding Judge, thus charged the jury, as to the undecided issues then before the Court:

"Now it appears to this Court that, after all these appeals and with the record as we have it before us now, there are no great legal complications about this matter; and, after the statement of counsel for the defendant, Mann, here in open Court, that they are not contending for, nor relying on these abstruse doctrines of equitable estoppel as such, or purchaser for value without notice, that the issues are very clearly narrowed down.

*First.* "Was the alleged deed from Blumer Merck to Lawrence Merck executed and delivered in compliance with law? If not, Mann loses.

*Second.* "If it was so executed and delivered, was it obtained by fraud? If so, Mann loses, otherwise he wins.

*And third.* "If executed, has its delivery been shown by such evidence of carelessness on the part of Blumer Merck, as would prevent the parties claiming that nondelivery has not been shown? Now, as to this last point on the question of carelessness, I charge you and dispose of that question by citing and charging you the law upon the point, as laid down in the first appeal, as follows (reading same): * * * I simply add the element of carelessness to the charge, as refused there by Judge Klugh, which makes it accord-

ing to the decision a correct declaration of the law on that point. I simply add to the refused request. So you see, I charge you that as the law, adding to it that you have the right to take into consideration, upon the question of delivery, that matter of negligence as laid down there, and say whether or not there was a delivery."

The plaintiffs' ninth request was as follows: "The defendant, W. B. Mann, is not entitled upon this issue to assume the position of a *bona fide* purchaser for value without notice, for the reasons:

(a) "Such defense must be pleaded, and it has not been done in this case.

(b) "It is essential to the plea of *bona fide* purchaser for value without notice, that the defendant shall have paid in full the purchase price. The defendant admits that he purchased the land for $6,000, paid $1,200 cash, and gave his note, secured by mortgage for $4,800, no part of which has been paid, except a small portion of interest.

(c) "At most, the defendant would only be entitled to that plea *pro tanto,* and that on the equity side of this case." * * *

The following endorsement thereon shows why it was not charged: "Cary don't claim it." (See 83 S. C. 339.)

The Circuit Judge made similar endorsements on other requests, relative to the plea of purchaser for valuable consideration without notice.

The plaintiffs' fifth request was as follows: "If the jury believe from the evidence that after signing the alleged deed, Blumer Merck never parted or intended to part with the possession of the deed, and never intended that it should take effect as a deed, until after his death; that he retained possession of the deed, placed it away with his papers and never delivered it to L. C. Merck, nor to any one for him; that while the deed was in possession of Blumer Merck, it was surreptitiously taken away from his place of safe-keeping, without his knowledge or consent and placed on record;

I say, if you believe these facts to have been established by the evidence, then I charge you, that under these circumstances, the law declares that the deed was never delivered and is invalid." After reading it to the jury, his Honor said: "That, of course, I charge you, as a more detailed explanation, but take that in connection with that matter I explained to you of negligence. These requests don't go quite far enough. You have to add that element to them to make them a complete statement of the law."

The presiding Judge also charged the jury as follows: "If, however, you decide these issues in his favor, that is, decide in favor of the execution and delivery of the deed, you will proceed to the inquiry, as to whether or not it was obtained by fraud. You have heard the reply read, as to what fraud the heirs claim against the deed, that there was a combination between these people to obtain this deed from the old man, and that that was carried out, and that, therefore, the deed is void on that account, and they charge Mann with being cognizant of this fraud, but his counsel, as I stated, declared that on this point, they rely upon what they claim is the absolute failure to show fraud in the original transaction, and are not resting upon a claim that if you found fraud, Mann would still have a good title, as being a purchaser without knowledge or notice of the alleged fraud, and this simplifies the issue very much for you and is something of which the plaintiffs can not complain."

From the foregoing it appears that the defendant did not intend to waive his right to insist upon the doctrine of estoppel, arising out of the *negligence* of Blumer Merck, nor did the Circuit Judge so understand him. Furthermore, when the presiding Judge stated "that the issues are very clearly narrowed down" to the three which he mentioned, one of which was: "If executed, has its delivery been shown by such evidence of carelessness, on the part of Blumer Merck, as would prevent the parties claiming, that nondelivery has not been shown?" it was the duty of plain-

22—95

tiff's counsel to call such supposed error in stating the issues to the attention of the Court, in case it was intended to rely upon it as a ground of appeal, otherwise such objection was waived.

The Circuit Judge drew a distinction between the plea of purchaser for valuable consideration without notice, and estoppel by negligence; and, while he held that the issue as to estoppel by negligence was then before the Court, he also held that the defendant did not insist upon the plea of purchaser for valuable consideration without notice.

The authorities show that there is a well recognized distinction between such issues.

The right of the defendant to rely upon the negligence of Blumer Merck, whereby others were induced to become purchasers of the land, falls under the head of estoppel *in pais,* which need not be pleaded.

The rule is thus stated in *Scarborough* v. *Woodley,* 81 S. C. 329, 62 S. E. 405: "It is not necessary in this State to plead estoppel (*Lites* v. *Addison,* 27 S. C. 235, 3 S. E. 24); and, therefore, the defendant had the right, under his general denial, to introduce evidence of estoppel and on such evidence have the issue of estoppel submitted to the jury." While, on the other hand, "the defense of *bona fide* purchaser without notice is an equitable defense, must be set out in the answer, and must be sustained by party who erects it as a shield." *Lupo* v. *True,* 16 S. C. 587.

In the recent case of *Sullivan* v. *Moore,* 84 S. C. 426, 65 S. E. 108, which was also an action to recover the possession of land, the Court thus stated the rule:

"The appellants' first contention is, that the issue of estoppel is equitable in its nature, and, therefore, should have been tried by the Court, and not submitted to the jury on the issue of legal title. The position is not tenable. The rule is thus stated in *Drexel* v. *Berney,* 122 U. S. 241: 'Estoppels of this character, as distinguished from estoppels by record or by deed, are called equitable estoppels. It is

not meant thereby that they are recognizable only in courts of equity, for they are commonly enforced in actions at law, as was fully shown in *Dickerson* v. *Colgrove,* 100 U. S. 578. But it does not follow, because equitable estoppels may originate legal, as distinguished from equitable rights, that it may not be necessary in particular cases, to resort to a court of equity, in order to make them available. All that can properly be said is, that in order to justify a resort to the court of equity, it is necessary to show some ground of equity, other than the estoppel itself, whereby the party entitled to the benefit of it is prevented from making it available in a Court of law. In other words, the case must be one where the forms of law are used to defeat that which in equity constitutes the right. Such a case is one for equitable interposition.' The right to prove against the plaintiff, estoppel by conduct as a defense to an action to recover possession of land, was recognized in *Marines* v. *Goblet,* 31 S. C. 153, on the authority of *Lessee of Tarrant* v. *Terry,* 1 Bay 241."

Judgment affirmed.