### 10773

### HERNDON v. SOUTHERN RAILWAY CO.

#### (111 S. E. 13)

1.  CONTINUANCE—MOTION BECAUSE DEFENDANT NOT PREPARED TO MEET
    ISSUE HELD ADDRESSED TO COURT'S DISCRETION.—In a passenger's
    action for the loss of her trunk and contents, a motion for a con-
    tinuance after introduction of testimony, because defendant was
    not prepared to meet testimony raising the issue of an intrastate
    transaction, was within the discretion of the presiding Judge, and
    its refusal was not an abuse of discretion.

2.  CARRIERS—JOURNEY DECIDED ON AFTER REACHING DESTINATION OF
    INTERSTATE TRIP HELD INTRASTATE, AND NOT CONTROLLED BY IN-
    TERSTATE LIMITATION AS TO LOSS OF BAGGAGE.—Where an interstate
    passenger, after reaching her destination, decided because of the
    failure of a friend to meet her to go to another place within the
    State, and rechecked her trunk without physical delivery, such
    journey was intrastate, and not controlled by the interstate limita-
    tion of liability as to loss of baggage.

3   CARRIERS—WHERE EVIDENCE SUPPORTING RECOVERY WAS UNCON-
    TRADICTED, VERDICT PROPERLY DIRECTED.—In a passenger's action

for the loss of her trunk and contents, where her evidence showed that the journey was an intrastate one, and defendant offered no evidence on that point, a verdict was properly directed.

Before WHALEY, J., County Court, Richland, April, 1921.   Affirmed.

Action by Mrs. M. E. Herndon against Southern Railway Co.   Directed verdict for plaintiff and defendant appeals.

*Messrs. Barnett & McDonald,* for appellant, cite:   *Refusal. of continuance was abuse of discretion*:   100 S. C., 375; 19 L. R. A. (N. S.), 409; 2 R. C. L., 219.   *Whether commerce is inter or intrastate must be determined by its essential character*:   219 U. S., 498; 225 U. S., 101; 227 U. S., 111; 229 U. S., 336; 233 U. S., 335; 241 U. S., 378.   *Intention of shipper or passenger*:   116 U. S., 517; 219 U. S., 498; 225 U. S., 101; 249 U. S., 472; 105 Tex., 178; 183 Fed., 1005; L. R. A., 1917D, 1180; 195 Mo. App., 215; 254 U. S., 17; 106 S. E. 507.   *Character of baggage does not change until after delivery*:   100 S. C., 469.   *Even after relation changed from carrier to warehouseman it would still be interstate commerce*:   240 U. S., 632.   *Intention must be inferred from circumstances*: 166 Ala., 616.

*Messrs. Graydon & Graydon,* for respondent.   Oral argument.

December 13, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $556.21, the value of a trunk and contents belonging to the plaintiff, and alleged to have been lost in transit.

The main point of contention is in reference to the character of the shipment, interstate, or intrastate, and the ap-

plicability of the limitation of $100 recovery in case of loss of baggage.   The facts are as follows:

The plaintiff, then unmarried, but engaged to a young man in the army at Camp Jackson, lived at Bristol, Va. It had been arranged between them that she should meet him at Spartanburg, where they would be married.   She accordingly left Bristol, Va., on January 22, 1921, buying a ticket and having her trunk checked from Bristol, Va., to Johnson City, Tenn.   At the latter point she bought a ticket and had her baggage rechecked to Spartanburg. She arrived at Spartanburg via the Carolina, Clinchfield & Ohio Railroad at 6:20 p. m., and, not meeting her fiance there, as was expected, she decided to go on to Columbia. Accordingly she bought a ticket from Spartanburg to Columbia over the defendant's line, and had her trunk checked to Columbia.   The trunk was in good order when it was rechecked at Spartanburg, according to plaintiff's testimony, as she says she saw it there at that time.   The trunk was not delivered to her physically when she surrendered the other check and had it rechecked to Columbia.   She left Spartanburg at 7:20 p. m., remaining there only one hour.   On arrival at Columbia a trunk bearing the corresponding check was offered to her, but, not being her trunk, it was refused.   Subsequently her trunk was located at Sumter, having been entered and robbed of her entire outfit.

Upon the trial, after the plaintiff and her husband had testified, defendant's counsel, apprehending that the plaintiff's testimony was directed to establishing an intrastate and not an interstate transaction, and not being prepared to meet this issue, moved for a continuance, which was refused.   The defendant offered in evidence the baggage tariff limiting recovery to $100, and at the close of the testimony moved that the Court direct a verdict in favor of the plaintiff for $100.   This was refused, the presiding

Judge holding that the transaction was an intrastate one, and not controlled by the interstate limitation. He directed the jury to find for the plaintiff the value of the lost property. The jury returned a verdict for $550. Defendant appeals and raises these questions: (1) Error in refusing the motion for a continuance; (2) error in not granting the motion for a directed verdict; (3) error in not leaving the issue of interstate or intrastate character of the transaction to the jury.

1. As to the motion for continuance: This was a matter within the discretion of the presiding Judge, which does not appear to have been abused.

2. As to the character of the transaction, interstate or intrastate: If the testimony of the plaintiff be true, the journey originally interstate, from Bristol, Va., to Spartanburg, S. C., terminated upon her arrival in Spartanburg. She had the right there to present the check and receive her trunk. Instead of doing this, she decided to make another journey, separate and distinct from her original journey, for it was superinduced by an incident which happened after the original journey had terminated, namely, the failure of her fiance to meet her in Spartanburg. If she had called for her trunk, received it at Spartanburg, left it on the platform until she bought a ticket to Columbia, and then called for a check to Columbia, we do not apprehend that there would be any dispute of the proposition that she had undertaken a new journey, an intrastate one; she did what was equivalent to this when she bought a new ticket and had her baggage re-checked to Columbia. Upon the facts, therefore, testified to by the plaintiff the presiding Judge was right in holding that the journey was intrastate.

3. The third question is embarrassing—the right of the presiding Judge to assume that the plaintiff's testimony was true. Upon principle, it would

seem that that was an issue to be determined by the jury, and not by the Judge, and that the absence of conflicting testimony should not affect the question. It is entirely possible that the jury may have concluded that, in view of the vital importance to a full recovery of damages that the character of the journey as an interstate one should be established, some doubt was cast upon the truth and reasonableness, under the circumstances, of the plaintiff's narrative, and declined to accept it as true; a right which the jury unquestionably had. But until the Court is prepared to overrule the cases of *Uzzell v. Horn,* 71 S. C., 426, 51 S. E., 253; *Bank v. Innam Mills,* 74 S. C., 76, 53 S. E., 951, and *Slaughter Co. v .Lumber Co.,* 79 S. C., 338, 60 S. E., 705, they are binding authority, holding that, where the defendant offers no evidence, and the evidence of the plaintiff points all one way, the Judge may direct a verdict.

The judgment of this Court is that the judgment appealed from be affirmed.