## 10823

### PATTERSON v. CAUSEY

#### (111 S. E. 725)

1. PARTITION—PLAINTIFF MAY ATTACK DEED INTRODUCED BY DE-
   FENDANTS.—Defendants in partition having pleaded title and intro-
   duced deeds and proof of execution thereof, plaintiff could, after
   they were in, attack them by evidence of grantor's mental inca-
   pacity, as well as on the grounds of fraud and their nondelivery.

2. DEEDS—WHERE MORE THAN ONE INFERENCE CAN BE DRAWN
   FROM EVIDENCE, QUESTION OF DELIVERY FOR JURY.—The question
   of delivery of deeds is for the jury where under the evidence
   more than one inference can be drawn.

3. VENDOR AND PURCHASER—PURCHASER ACQUIRES NO TITLE IF DEED
   TO HIS GRANTORS WAS NOT DELIVERED OR THEIR GRANTOR WAS
   INCAPACITATED.—A purchaser acquires no title as an innocent
   purchaser if his deed to his grantors was not delivered or if
   their grantor was mentally incompetent.

Before Bowman, J., Hampton, October, 1919. Reversed and remanded.

Action by Catherine E. Patterson against E. M. Causey et al. From directed verdict for defendants the plaintiff appeals.

The third exception was as follows:

"Because his Honor, the presiding Judge, erred in holding and deciding that Thos. J. Ayer and John E. Fuller were the owners of the parcels described in their respective deeds, and that the testimony conclusively showed this to be a fact, it being respectfully submitted that they could only have such title as their grantors (Lavinia D. Zeal and E. M. Causey) had, and their grantors, never having had a deed to the property delivered to them by Thos. A. Causey, had no title, and his Honor should so have held."

*Messrs. George Warren* and *W. D. Connor,* for appellant, cite: *Delivery of a deed*: 95 S. C., 328; 1 Devlin Deeds, par. 279, 279a; 3 Strob. Eq., 111; 2 Hill Eq., 411; 23 S. C., 89; 44 S. C., 372; 108 S. E., 168; 66 Me., 316; 11 Am. Rep., 592. *Delivery is question for jury*: 95 S. C., 328; 81 S. C., 340; 16 Cent. Dig., "Deeds," par. 633; 7 Dec. Dig., par. 66; 2nd Dec. Dig., par. 66. *Adverse possession against tenants in common*: 15 S. C., 365; 3 Rich., 418; 1 Bail., 192; 71 S. C., 522; 26 S. C., 185.

*Messrs. L. D. Lide* and *Randolph Murdaugh,* for respondents, cite: *Where objection to evidence is specific no other ground of objection will be considered*: 38 Cyc., 1397; 10 S. E. , 991. *Delivery of Deed*: 30 Pac., 541; 18 C. J., 440. *Delivery to third person good where no control is reserved by grantor*: 13 Cyc., 569; 93 S. C., 450; 82 S. C., 264; 95 S. C., 328; 108 S. E., 168. *Innocent purchasers*: 83 S. C., 329; 14 S. C., 312.

January 25, 1922.

The opinion of the Court was delivered by Mr. Justice Watts.

This was an action for partition. Certain defendants claimed title. Appellants proved title in Thos. A. Causey and to his children. Contesting defendants offered seven deeds from Thomas A. Causey dated in May, 1906, and recorded the same year, after the grantor's death, to all of which objection was made that there was no proof of delivery. On motion his Honor directed a verdict for the defendants. Appellants appeal and by five exceptions impute error.

The first exception imputes error in holding that the plaintiff could not offer testimony to show mental capacity of the grantor to make deeds, introduced by the defendants after said deeds had been introduced in evidence, and in excluding the evidence of witnesses to prove grantor's mental incapacity to make said deeds; it being contended that his Honor should have held such evidence competent, and should have allowed it. This exception must be sustained: the deeds could not be attacked until they were in. Defendants had pleaded title and introduced certain deeds and proved the execution of the same by witness. The appellants then had the right to attack them on the ground of fraud, mental incapacity, or nondelivery, and his Honor was in error in excluding the evidence.

Exceptions 2, 4, and 5 raise the same questions that his Honor erred in finding under the testimony that the deeds had been delivered and in directing a verdict for the defendants. These exceptions are sustained. Under the evidence the question of delivery should have been submitted to the jury for their determination, as under it more than one inference could be drawn.

Exception 3 is sustained, for, if the deeds were not delivered, or the grantor was incapacitated and could not make them, Ayer and Fuller could not have

any more title than their grantors had, and that issue should have been submitted to the jury.

Judgment reversed and new trial granted.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MR. JUSTICE COTHRAN (dissenting): Appeal from an order directing a verdict in favor of the defendants upon the issue of title in a partition suit. The parties claimed from a common source of title, Thomas A. Causey. The plaintiffs and certain of the defendants claimed as heirs at law, and certain other defendants claimed indirectly under deeds executed by Thomas A. Causey and committed to his brother, R. T. Causey, to keep until his death and then to deliver them to the several grantees.

The depositary testified that his brother stated that the children who were not among the grantees of these deeds had been amply provided for; that when the deeds were committed to him the grantor reserved no right of control over them and never during the remainder of his life made an attempt to recall them for any purpose whatever; that the grantor wished to retain control of his land while he lived, and wanted the deeds delivered to the grantees after his death. After the grantor's death the deeds were severally delivered by the depositary.

It appeared that two of the defendants, Ayer and Fuller, claimed under several deeds by two of the grantees under the deeds referred to, and assumed the position of bona fide purchasers without notice.

At the conclusion of the evidence the presiding Judge upon motion directed a verdict for the defendants. The plaintiffs have appealed and raise practically but two questions: (1) Error in excluding evidence of the mental incapacity of the grantor; (2) error in directing a verdict for the defendants upon the issue of delivery of the deeds and in not submitting that issue to the jury.

As to the exclusion of evidence tending to show the mental incapacity of the grantor: We do not think that there can be a question as to the right of a plaintiff whose title is opposed by a deed offered in evidence by the defendant in reply to attack such deed upon the ground of fraud, undue influence, or want of mental capacity in the grantor, without having set up any such ground in his complaint or in a reply to the answer of the defendant.

But in my opinion the plaintiffs have not placed themselves in a position to take advantage of the erroneous ruling of the presiding Judge in conflict with the above principle. When the matter of the grantor's mental condition first appeared in the evidence, the witness R. T. Causey testified at the instance of the plaintiff's counsel that at the time the deeds were executed the grantor was suffering from cancer of the stomach, could drink only liquids, and was in bed a part of the time; that he did not know of his own knowledge that morphine was being administered to him. The counsel for the defendants then inquired the purpose of this examination. Counsel for plaintiff stated that it was to show the mental incapacity of the grantor. Counsel for defendants took the position that, objection to the introduction of the deeds in evidence having been placed solely upon the issue of delivery, the plaintiffs could not then go into the question of mental incapacity. After argument the presiding Judge ruled that the evidence was admissible. No further testimony along this line was introduced by the plaintiffs, and none other was actually offered. Later in the examination of this witness counsel for defendants, apparently without the provocation that might have been caused by further tender of evidence along this line, interrupted the examination upon another phase of the case with the question:

"We wish to know—do I understand your Honor to rule that our friends would have the right to go into the ques-

tion of the mental capacity of the grantor to make those deeds?"

After argument the Court ruled that the deed could not be attacked upon that ground after it had been introduced. No testimony along the line indicated was at that time being tendered, and it is impossible for the Court to assume that the plaintiffs had any such testimony to tender. If they did have, it was their duty to tender the testimony by the production of the witnesses and a statement of what they expected to prove by them. They have waived their right to complain of the adverse erroneous ruling by being frightened away from laying the foundation for an exception.

"A ruling of the trial Court refusing to allow a witness to answer a question is not presented for review where the record does not set out the question and what was expected to be elicited by it." 3 Cyc., 165.

In *Avery v. Wilson,* 47 S. C., 78; 25 S. E., 286, it was held that an objection to the ruling of a Circuit Judge refusing to admit in evidence a certain judgment roll cannot be considered by this Court unless the judgment roll is in·corporated in the record for appeal.

In *Swearingen v.˙Ins. Co.,* 52 S. C., 309; 29 S. E., 722, it is declared:

"The proper course was for defendant's counsel, after cautioning his witness not to answer until authorized by the Court to do so, to have stated the question and asked the Court to rule as to its admissibility."

In *Allen v. Cooley,* 53 S. C., 77; 30 S. E., 721, the syllabus is:

"This Court will not consider the competency of testimony not actually offered."

The opinion states:

"All the evidence which the appellant offered was ad·mitted [which is true in the case at bar]. As the appellant

did not offer to introduce further testimony, this Court cannot say that * * * it would have been ruled out by the presiding Judge. The proper practice in such cases is to offer the testimony, and to have the presiding Judge to rule upon its competency, if the specific objections are urged against its introduction."

The plaintiffs did not present a single witness to prove the incapacity of the grantor, and of course could not be allowed to insert in the record the fact that they had such a witness or what his testimony would have been. So far as the record shows, what transpired appears simply as an academic discussion of a moot point. With the advance information of what the Circuit Judge would rule when the question became a practical issue, in order to avail themselves of the error of such ruling, it was indispensable that the witness should have been produced and the substance of his testimony stated to the Court and appear in the record for appeal.

As to the alleged error in directing a verdict for the defendants and in not submitting the issue of delivery to the jury: The plaintiffs offered no testimony at all conflicting with the testimony of the depositary of the deeds, which was ample and clear that the deeds were executed by the grantor and committed to him for delivery to the several grantees at his death; that the grantor reserved no thought of control over the deeds and never mentioned the transaction to him afterwards. This presents as clear a case of delivery as could be conceived, and the case falls under the well-established rule that, where the testimony is all one way, the Circuit Judge is justified in directing a verdict. See *Herndon v. R. Co.* (just filed) 111 S. E., 13, and the cases cited therein.

The principle is established by a host of cases:

"When it clearly appears that the grantor placed a deed with a depositary, to be kept continuously by him until

after the grantor's death, and that it was then to be delivered to the grantee upon the grantor's death, the estate vests in the grantee from the time of the execution of the deed." 16 R. C. L., 641.

See *Watson v. Cox,* 108 S. E., 168; *Merck v. Merck,* 95 S. C., 328; 78 S. E., 1027.

"The delivery of a deed by the grantor to a third person to be held by him and delivered to the grantee upon the grantor's death will operate as a valid delivery, where there is no reservation on the part of the latter, of any control over the instrument." 13 Cyc., 569.

I think for these reasons that the judgment below should be affirmed.